UNITED STATES DISTRICT COURT
District of Connecticut

Nicholas Clark

v.

Cook: Commissioner, Scott Semple, Former Commissioner, Corcella Warden, Scott Erfe Warden, Dr. Gerald Valletta, Dr. Ruiz, Dr. Goodman, Dr. Coleman.

CASE NO: 3:19CV575 VLB

FILED

DATE:

US DISTRICT COURT
HARTFORD CT

## COUNT ONE

#1  The plaintiff says: This Action Arises Under Sections 1983, 1985(3), 1986 and 1988 of Title 42 of the U.S.C And The Eighth (8th) And Fourteenth (14th) Amendment of The United States Constitution, Jurisdiction is founded upon 28 U.S.C. Sec 1331, 1343, 2201, 2202 And the Afore-Mentioned statutory And Constitutional provisions. Plaintiff Further Invokes This Courts Supplemental Jurisdiction To Law Sounding in Tort Pursuant To 28 U.S.C. Sec 1367(A).

#2  This Action is to Recover for Damages Suffered by the plaintiff.

#3  The plaintiff is/was, At All Times Mentioned in This Complaint A Resident of the state of Connecticut within The Jurisdiction District of Connecticut And within the Territorial Jurisdiction of This Court.

(PAGE 1)

#4  During All Times Mentioned in this Complaint The Defendants All Acted Under Color of Law, That is Under Color of the Constitution, statues, Laws, Rules, Regulation And usages of the State of Connecticut And The United States.

#5  During All Times Mentioned in This Complaint, The Defendants And Each of them in their official And Individual Capasities Did Willfully Deprive The plaintiff of Her Rights Secured To Her Under The Constitution of the United States.

#6  During All Times Mentioned in this Complaint The Defendants = Cooks, Scott Semple, Corcella, Scott Erfe, Dr. Gerald Valletta, Dr. Ruiz, Dr. Goodman And Dr. Coleman:

A) Cook : Commissioner
B) Scott Semple : Former Commissioner
C) Corcella : Warden @ Garner C.I.
D) Scott Erfe : Warden @ Cheshire C.I.
E) Dr. Gerald Valletta : Garner C.I.
F) Dr. Ruiz : Cheshire C.I.
G) Dr. Goodman : Mental Health @ Garner C.I.
H) Dr. Coleman : Mental Health @ MacDougald C.I.

( PAGE 2 )

#7       Each Defendant Had the Duty, Responsibility And opportunity To protect The plaintiff from Unlawful Actions. Each Defendant Failed to preform Such Duties Thereby proximately Causing The plaintiff Severe Injuries To Her psychological state with Intentional Infliction of Emotional Distress And Negligence.

#8       During All Times Mentioned in this Complaint The plaintiff Nicholas Clark #355139, who is a Transgender Woman And who goes by The Name of Veronica-May Clark, who is Currently Incarcerated at Garner Correctional Institution, a Male facility Located at 50 Nunnawauk Road, Newtown, Connecticut, 06470

#9       plaintiff states That she Requested Medical And Mental Health Care for An Evaluation and Transitional Care for Gender Dysphoria And that prison officials Refused to offer Any Assistance to Help Her Live in Accordance with Her Gender Identity

#10      plaintiff Has Endured Enormous psychological And physical pain As A Result of this Lack of Medical Care. On July 15th, 2016 plaintiff Tried to Self-treat Her pain by Attempting to Autocastrate with A pair of Nail clippers. plaintiff was Hospitalized for over a week.

#11   Defendants Continues to Refuse Her Medical Care Related To Her Gender Identity. After plaintiff was Discharged from the Hospital, she Again Submitted Multiple Request for Appropriate Treatment To Aid in Her Gender Transition. In Response, Defendant Gerald Valletta told Her That she Could Not obtain Treatment Due to a DOC policy that "Transition Treatment would be Continued if Inmate Has Already been on Medication in the Community, but Transitional Treatment will Not be initiated while Inmate is Incarcerated." However, Due to plaintiff's Lengthy Sentence, This Asserted policy Would Effectively preclude Her from Ever Receiving Appropriate Medical Care to Aid Her Transition.

#12   Although The Defendant Referenced a "DOC policy" in His Response to The plaintiff's Request. Defendants Refused to provide plaintiff with a Copy of a Written policies for the Care of Transgender people in DOC Custody. Any Such policy (if they are Any) would Contradict DOC Administrative Directives, which states That the Department of Correction will provide "Mental/Health Services Consistent with Community Standards".

(Citing)   ALLARD V. GOMEZ, 9 FED Appx 793 (9th CIR 2001)
Fields V. Smith, 712F Supp. 2d 830 (E.D. Wisc. 2010)
Kosilek V. Maloney, 221 F. Supp. 2d 156 (D. Mass. 2002)
Cuoco V. Moritsugu, 222 F. 3d 99 (2d CIR 2000)

(PAGE 4)

#13   According To the Alleged Violation, The Eighth Amendment Violation of Cruel And Unusual Punishment Assertained in The "Intentional Infliction of Emotional Distress" A prisoner challenging offical Conduct That is Not Part of the Formal Penalty for A crime must Demonstrate = (1) A "Sufficiently Serious" Deprivation; And (2) That official Acted with A "Sufficiently Culpable state of Mind".

(citing) Gammet v. Idaho state Bd. of Corrections, No CV05-257-S-MHW, 2007 WL 2186896 (D. Idaho July 27, 2007).

#14   Prison officials may Be found liable for Denying Humane Conditions of Confinement only if they Knew That An Inmate faced a Substantial Risk of Serious Harm And Disregarded That Risk by failing To Take Reasonable Measures To Abate it. As Substantiate Documentation of The plaintiffs "Inmate Request forms" and "Medical Grievances" indicate, The Medical personnel Knew That Such a Risk of Self Injury Existed And yet Did Nothing to Treat Said Diagnosis.

### Right To Equal Treatment

Plantiff Deserves Under the Fourteenth Amendment Equal Treatment with Respect To Medical Needs when Knowledge of A Need for Care is Established, The Unreasonable Period of Delay is The Time line for Damages.

Some Courts of Appeals Decisions Might Be Read to Hold That Repeated Acts of Negligence By Themselves Might Constitute Deliberate Indifference. See Ramos v. Lamm, 639 F. 2d 559 (10th Cir. 1980) Denied, 450 U.S. 1041, 68 L.Ed. 2d 239, 101 S.CT 1759 (1981); Todaro v. Ward, 565 F. 2d 48 (2d Cir 1977). However These Cases Really Establish That one way To prove That an official Acted with Deliberate Indifference is To show That Defendant(s) Acted Repeatedly in A Certain Manner. In Such Cases, The Repeated Acts, Viewed Singly And in Isolation, would Appear To be Mere Negligence.; However, Viewed Together And As a Pattern, The Acts showed Deliberate Indifference.

#15    As stated by the Plaintiff, The Denial of Medical Treatment As Described Earlier, is a clear Deviation from Standard Medical Care, And the Repeated Request By the plaintiff Not only Substantiates The Severity of the Syndrome But Also the Emotional Distress Associated with it's Necessity.

#16    Plaintiff claims that Defendants Sabotage Her Administrative Remedy Process To prevent plaintiff from Bringing a claim Against Defendants. Each Time That plaintiff filed a Report by way of an Inmate Request form And Grievance form. Defendants Fail To Respond And Have Even Made Claims that They Have not Received Said Reports

(Page 1.)

Intentional Infliction of Emotional Distress

## Elements of Action

The Essential Elements of pleading an Action for Intentional Infliction of Emotional Distress Under Connecticut Law Are:

1) The Actor Intended To Inflict Emotional Distress, or He Knew or should Have Known That Emotional Distress was a Likely Result of His or Her Conduct;

2) The Conduct was Extreme And outrageous;

3) The Defendant's Conduct was the proximate Cause of The plaintiff's Distress

4) The Emotional Distress Sustained By The plaintiff was Severe.

Petyan v. Ellis, 200 Conn. 243, 510 A.2d 1337 (1986); Davis v. Davis, 112 Conn. App. 56, 962 A.2d 140 (2009).

\#17

In Connecticut, The Tort of Intentional Infliction of Emotional Distress Was Recognized in The Employment Setting in Murry v. Bridgeport Hosp., 40 Conn. Supp. 56, 62, 480 A. 2d 610, 613 (1984).

### Remedies — Compensatory Damages

A plaintiff May Recover Compensatory Damages for Mental Suffering Caused By the Defendant's Actions, Including The Consequent Mental Effects of Embarrassment, Damage To Reputation, Mental Anguish And Emotional Distress: Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432 (1925).

### Remedies — Punitive or Exemplary Damages

Punitive And Exemplary Damages are "Merely Alternative Labels for the Same Remedy". Alaimo v. Royer, 188 Conn. 36, 42, 448 A.2d 207, 210 (1982). Punitive Damages Are Awarded when the Evidence shows a Reckless Indifference To The Rights of others or an Intentional And Wanton Violation of Those Rights, if Awarded, They Are Restricted to the Cost of Litigation, Less Taxable Cost of the Action Being Tried. Further, for An Award of Punitive Damages it is Essential That Evidence of The Cost of Litigation in The Case be offered.

(PART 2)

## CHECK List

A Complaint in an Action for Intentional Infliction of Emotional Distress should Among other Things, Allege:

1) Jurisdictional Facts, if Required.

2) Facts laying Venue of the Action, if Required

3) Diversity of Citizenship And Amount in Controversy, if Complaint is to Be Filed in A Federal Court As A Diversity Action

4) Extreme And outrageous Conduct

5) Intention to Inflict Emotional Distress

6) Actual Result To the plaintiff of Severe Emotional Distress

7) Damages in the Sum of $500,000.00

8) Prayer for Relief.

(Page 9)

## Libel And Per Se - Damages

The plaintiff is Entitled to Recover Not only for Such Damages As she Suffered up to this Day, But Also Such Damages As you will find Reasonably Certain To Come To Her in the future. In Addition, if you find That Her Damages And losses Have been Enhanced By the Bring of this Action, And its Trial, with the Consequent publicity You should Consider Also this fact. See Daudian v. Racparian, 115 Conn. 718, 719 (1932); Hogan Vs. New York Times Co. 211 F. Supp. 99 (1962).

## Intentional Infliction of Emotional Distress

The plaintiff Has alleged a Cause of Action for what is Known As Intentional Infliction of Emotional Distress. In order to Succeed on this claim You must find that The plaintiff Has proven to you by a fair preponderance That The Defendants Intended to inflict Emotional Distress or That He knew or should Have known that Emotional Distress would Likely Result from it. Furthermore, The plaintiff is Required to prove that the Conduct was Extreme And outrageous And that the Defendants Conduct was The proximate Cause or legal Cause of the plaintiff's Distress. The plaintiff must Establish that the Emotional Distress Sustained by the plaintiff was Severe.

(Page 10)

Here The plaintiff Alleges That the Defendants Acted with Malice And Bad Faith And with Reckless Disregard for the Consequences of their Actions And Thereby Caused The plaintiff to Experience Extreme Emotional Distress. The plaintiff Claims that she Suffered shock, Humiliation, Embarrassment, Neglect, And Mental Anguish As a Result of this Conduct.

#18   This Action is for Money Damages for the Deprivation by the Defendants of Rights Secured to the plaintiff by The state of Connecticut. The co-Defendants state Employees And staff with the Assistance, Complicity And in Conspiracy with each other Subjected The plaintiff To Assault And Battery, Cruel And Unusual Punishment And a Deprivation of Rights By All Named Defendants in this Complaint.

<u>In Their Individual Capacity</u>

A) Compensation Damages
B) Punitive Damages
C) Attorney fees And Cost of this Action
D) Such other Relief As this Court shall Consider to Be fair and Equitable.
E) Such Declaratory Relief as this Court shall Consider to Be fair and Equitable.

In Their official Capacity

A) proper And standard Medical And Mental Health Treatment Associated with Gender Dysphoria

B) A $5,000.00 Spending spree for Items Listed in The Walkenhorst Catalog (Female products)

## Declaration Under Penalty of Perjury

The Undersigned Declares under penalty of perjury That she is the plaintiff in the Above Action, That she Has Read the Above Complaint. And That The Information Contained in this Complaint is True And Correct.

28 U.S.C 1746, I Declare under penalty of perjury That The foregoing is True And Correct on This 26 Day of March, 2019

Subscribed and Sworn to before me a Notary Public, In and for the County of Fairfield And State of Connecticut, this day 26 of 3/19

Karl Morrison
Notary Public

Notary Public witness Karl Morrison
Date: 3/26/19

Signed Nicholas Clark

Nicholas Clark # 355139
Garner C.I
50 Nunnawauk Road
Newtown, CT 06470

KARL MORRISON
Notary Public
My Commission Expires 8/31/19