UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| NICHOLAS CLARK, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:19-cv-575 (VLB) |
| | : | |
| COOK, et al., | : | |
| Defendants. | : | |
| | : | |

ORDER

Plaintiff, Nicholas Clark, currently confined at Garner Correctional Institution in Newtown, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Plaintiff primarily claims she was denied medical and mental health care as a transgender woman. Plaintiff names eight defendants: Commissioner Cook, former Commissioner Scott Semple, Warden Corcella, Warden Scott Erfe, Dr. Gerald Valletta, Dr. Ruiz, Dr. Goodman, and Dr. Coleman. Plaintiff names all defendants in individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* This requirement applies both when plaintiff pays the filing fee and when she proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

In reviewing a *pro se* complaint, the court must assume the truth of the

allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I.   Allegations

Plaintiff is a transgender woman and refers to herself as Veronica-May Clark. She made repeated requests to the medical and mental health units for evaluation and transgender care for gender dysphoria. The defendants refused to provide any care that would enable her to live in accordance with her gender identity.

Plaintiff attempted to castrate herself with a pair of nail clippers. As a result, she was hospitalized for over a week. After her discharge from the hospital, plaintiff again requested treatment to aid in gender transition. Dr.

Valletta told her that Department of Correction policy prevented her from obtaining treatment.  The policy permitted continuation of transition treatment if the inmate has been on medication in the community but precluded initiation of treatment after incarceration.  As plaintiff is serving a lengthy sentence, the policy will prevent her from ever receiving transition treatment.

## II.  Discussion

Plaintiff states that she brings this action under 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988 for violation of his rights under the Eighth and Fourteenth Amendments.  She also invokes the court's supplemental jurisdiction over state law claims for negligence and intentional infliction of emotional distress.

### A.     Deliberate Indifference to Medical and Mental Health Needs

Plaintiff was a sentenced inmate at all times relevant to this action.[1]  Thus, her deliberate indifference claims are considered under the Eighth, rather than the Fourteenth, Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (rights of pretrial detainees are considered under the Fourteenth Amendment while rights of sentenced prisoners are considered under the Eighth Amendment).

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs.  *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013).  To state a claim for deliberate indifference to a serious medical or mental health need, plaintiff must show both that her need was

---

[1] The Department of Correction website shows that plaintiff was sentenced on July 10, 2009 and is serving a 75-year sentence. www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=355139 (last visited May 21, 2019).

serious, and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)).

There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that plaintiff would suffer serious harm as a result of his actions or inactions. *See Salahuddin*, 467 F.3d at 279-80.

Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.* Nor does a disagreement over the treatment provided show deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Plaintiff suffers from gender dysphoria. The Second Circuit has not addressed whether gender dysphoria is a serious medical need. However, in one case, the court assumed, without deciding, that transsexualism was a serious medical need. *See Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). District court within the Second Circuit have held that gender dysphoria may be a serious medical need. *See Brown v. Coombe*, No. 96-CV-476(RSP/RWS), 1996 WL 507118, at *3 (N.D.N.Y. Sept. 5, 1996) (citing cases suggesting that gender dysphoria may

4

be a serious medical need in a particular prisoner).  For purposes of this ruling, the Court assumes that plaintiff has a serious medical need.

Plaintiff alleges that Dr. Valletta has denied her all treatment because she did not commence treatment before she was incarcerated.  Plaintiff also has submitted several inmate requests with notations that she was seen by Dr. Valletta but the requested treatment, including hormone therapy, laser hair removal, gender-reassignment surgery, and facial reconstruction surgery, was not provided.  Other submitted documents suggest that plaintiff now is receiving hormone therapy but has not been referred to an endocrinologist.  *See* Doc. #6 at 2, 6.  These allegations are sufficient to demonstrate that Dr. Valletta was involved in plaintiff's treatment or lack thereof.  The deliberate indifference claim will proceed against Dr. Valletta.

Plaintiff makes no reference to any other defendant in her complaint.  She attaches to her complaint an inmate request dated July 25, 2016, stating that she was scheduled to be seen by Dr. Ruiz at Cheshire Correctional Institution but was transferred before the appointment.  Doc. #1 at 13.  This is the only reference to Dr. Ruiz.  The only allegation against Dr. Ruiz does not show that Dr. Ruiz denied plaintiff medical treatment or was deliberately indifferent to her medical needs

Plaintiff has alleged no facts suggesting that defendants Cook, Semple, Corcella, Erfe, Goodman and Coleman were even aware of her condition and requests for treatment.  Thus, there is no basis for a deliberate indifference claim against them.

The deliberate indifference claims against defendants Cook, Semple,

5

Corcella, Erfe, Ruiz, Goodman, and Coleman are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff may file an amended complaint to reassert claims against any or all of these defendants if she can allege facts showing that the defendant was actually aware and disregarded a substantial risk that plaintiff would suffer serious harm and that their conduct was close in time and in some way related to the conduct alleged against Dr. Valetta.  Unrelated claims must be asserted in a separate lawsuit.

      B.    <u>Equal Protection</u>

Plaintiff contends that she has a Fourteenth Amendment right to equal treatment.  The Court assumes that she is asserting a claim for denial of equal protection of the laws.  The Equal Protection Clause protects prisoners from invidious discrimination. This provision does not mandate identical treatment for each individual; rather, it requires that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985).  To state an equal protection claim, plaintiff must allege facts showing that she was treated differently from similarly-situated individuals and that the reason for the different treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff does not mention any other inmates in her Complaint.  Thus, she has not identified any similarly situated inmates who were treated differently to

support an equal protection claim.  Nor does she allege facts suggesting any impermissible motive for her treatment.  Instead, she appears to base her claim on the fact that she was denied transition treatment because she had not commenced such treatment before her incarceration.  The Court concludes that plaintiff fails to state a plausible equal protection claim.

C.     Claims Under 42 U.S.C. §§ 1985(3), 1986, 1988

Plaintiff states that she also brings this action under 42 U.S.C. §§ 1985(3), 1986, and 1988.  However, the complaint fails to allege facts to support a cognizable claim under any of these statutes.  Section 1985(3) prohibits conspiracies motivated by racial or otherwise class-based invidious discriminatory animus.  *Iqbal v. Hasty*, 490 F.3d 143, 176 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 62 (2009).  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or any other constitutional right. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Plaintiff cites section 1985(3) in her introductory paragraph but alleges no facts supporting a racial or class-based conspiracy in her complaint.  Thus, she fails to state a plausible section 1985(3) claim.

Section 1986 provides no substantive rights; it merely provides a remedy for the violation of section 1985.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part).  Thus, a prerequisite for an actionable section 1986 claim is a cognizable section 1985 claim.  *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000), *overruled in*

*part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).  As the plaintiff has not asserted a plausible section 1985 claim, she cannot assert a cognizable section 1986 claim.

Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil rights cases in conformity of federal law where appropriate or state law.  This section does not provide an independent cause of action.  *See Moor v. Alameda Cty.*, 411 U.S. 693, 702-06 (1973).  Section 1988(b) provides for award of attorney's fees.  As a *pro se* litigant, plaintiff is not entitled to attorney's fees under section 1988.  *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

All claims under sections 1985(3), 1986, and 1988 are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

D.     State Law Claims

Finally, plaintiff asserts state law claims for negligence and intentional infliction of emotional distress.

The defendants are protected by sovereign immunity from all state law claims asserted against them in their official capacities.  *See Castillo v. Hogan*, No. 3:14cv1166(VAB), 2016 WL 706167, at *5 (D. Conn. Feb. 22, 2016) ("The doctrine of sovereign immunity protects state officials and employees from lawsuits resulting from the performance of their duty.") (quoting *Hultman v. Blumenthal*, 67 Conn. App. 613, 620, 787 A.2d 666, 672, *cert. denied*, 259 Conn. 929, 793 A.2d 253 (2002).

State employees are also protected from suits for negligence.  *See* Conn. Gen. Stat. § 4-165 ("No state officer or employee shall be personally liable for

damages or injury, not wanton or reckless or malicious, caused in the discharge of his duties or within the scope of his employment.")  Thus, the claim for negligence is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's remaining claim is for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, plaintiff must show that the defendant intended to inflict emotional distress or knew or should have known that emotional distress would likely result from his conduct, that the conduct was extreme and outrageous, that the defendant's conduct is the likely cause of plaintiff's distress, and that her distress was severe.  *Gomez v. City of Norwalk*, No. 3:15cv1434(MPS), 2018 WL 780213, at *8 (D. Conn. Feb. 8, 2018); *Perez-Dickson v. City of Bridgeport*, 304 Conn. 483, 526-30, 43 A.3d 69, 100-02 (2012).  Liability for intentional infliction of emotional distress requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  *Appleton v. Board of Educ. of Town of Stonington*, 254 Conn. 205, 210-11, 757 A.2d 1059, 1062 (2000).

Plaintiff alleges that, as a result of the denial of treatment, she attempted self-castration one time and has considered it again since then.  The Court considers this allegation sufficient to support a claim for intentional infliction of emotional distress.

## CONCLUSION

The equal protection claim, all claims under 42 U.S.C. §§ 1985(3), 1986, and 1988, all state law claims against the defendants in their official capacity, and the

state law negligence claim are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

The deliberate indifference to medical needs and intentional infliction of

emotional distress claims against defendants Cook, Semple, Corcella, Erfe, Ruiz,

Goodman and Coleman are DISMISSED without prejudice to filing an amended

complaint that alleges facts demonstrating the involvement of these defendants

who acted in concert with Dr. Valetta in the denial of medical treatment within

thirty-five (35) days of the date of this order. The case will proceed on the

deliberate indifference to medical needs claim against Dr. Valletta in his

individual and official capacities and the intentional infliction of emotional

distress claim against him in his individual capacity.

      In accordance with the foregoing analysis, the Court enters the following

orders:

      (1)     The Clerk shall verify the current work address for defendant Valletta

with the Department of Correction Office of Legal Affairs, mail waiver of service of

process request packets containing the Complaint and this Order to him within

twenty-one (21) days of this Order, and report to the court on the status of the

waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to

return the waiver request, the Clerk shall make arrangements for in-person

service by the U.S. Marshal Service on the defendant in his individual capacity

and the defendant shall be required to pay the costs of such service in

accordance with Federal Rule of Civil Procedure 4(d).

      (2)     The Clerk shall prepare a summons form and send an official

capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed

to effect service of the Complaint and this Order on defendant Valletta in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within twenty-one (21) days from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     The Clerk shall send written notice to plaintiff of the status of this action, along with a copy of this Order.

(4)     The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendant shall file his response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver forms are sent.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above.  He also may include all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

11

(9)     If plaintiff changes her address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if she is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If plaintiff has more than one pending case, she should indicate all the case numbers in the notification of change of address.  Plaintiff should also notify the defendant or the attorney for the defendant of her new address.

(10)    Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court.  As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

SO ORDERED.

Dated at Hartford, Connecticut.

*Vanessa Lynne Bryant*
Vanessa Bryant
2019.05.22 17:56:29
-04'00'

**Vanessa L. Bryant**
**United States District Judge**