UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CLARK, | : |
|     Plaintiff, | : |
| | : |
| v. | :   CASE NO. 3:19-cv-575 (VLB) |
| | : |
| COOK, et al., | : |
|     Defendants. | : |

**RULING ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff, Nicholas Clark, currently confined at Garner Correctional Institution in Newtown, Connecticut, seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)).

Plaintiff lists three law firms he contacted by mail and states that he has not received any responses. However, he only mailed the letters on July 12, 2019,

less than three weeks before he filed this motion.  That time is insufficient to show that the law firms have declined assistance.

In addition, plaintiff states that he spoke with Inmates' Legal Aid Program "but they said I would need to do it all myself."  Doc. #18 at ¶ 15.  This statement is ambiguous.  The Court is aware that Inmates' Legal Aid Program is contractually obligated to provide legal assistance to inmates who can state a prima facie case.  The Court cannot discern whether this statement means that Program attorneys have determined that plaintiff fails to state a prima facie case or whether, even though Program attorneys will provide legal assistance, plaintiff will have to represent himself.  Thus, plaintiff's statement does not establish that Inmates' Legal Aid Program will not provide legal assistance.

Plaintiff states that he has been having difficulty obtaining information necessary for his case.  The Court notes that the defendants have not yet filed their notice showing that they have complied with the Standing Order re Initial Discovery Disclosures.  The information required to be disclosed may be the same information plaintiff seeks.  If that is not the case, plaintiff may file discovery requests pursuant to Federal Rules of Civil Procedure 26 through 37.

Plaintiff has not demonstrated that he is unable to obtain legal assistance on his own.  Thus, his motion for appointment of counsel [Doc. #18] is DENIED without prejudice.  Any renewed motion shall include responses from the law firms and information, such as a copy of a letter from Inmates' Legal Aid Program, about why the assistance available from the Program is insufficient at

this stage of litigation.

SO ORDERED this   26 th day of September 2019 at Hartford, Connecticut.

                                                            /s/
                                      **Vanessa L. Bryant**
                                      **United States District Judge**