# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NICHOLAS CLARK** | : | **CIVIL NO. 3:19CV00575 (VLB)** |
| **v.** | : | |
| **COOK, ET AL.** | : | **OCTOBER 1, 2019** |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

**Defendant Valletta hereby answers Plaintiff's complaint.**

**1.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegation contained in paragraph 1 and therefore neither admits not denies same but leave the Plaintiff to his proof.**

**2.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegation contained in paragraph 2 and therefore neither admits not denies same but leave the Plaintiff to his proof.**

**3.     The Defendant has insufficient information upon which to form a belief as to the truth of the allegation contained in paragraph 1 and therefore neither admits not denies same but leave the Plaintiff to his proof.**

**4.     To the extent this allegation refers to this defendant it is admitted.**

**5.     To the extent this allegation refers to this defendant it is denied.**

**6.     The defendant cannot plead to this allegation because it not a complete or coherent thought. To the extent it alleges that the Defendant was a physician at Garner Correctional Institution, it is admitted.**

**7.     To the extent this allegation refers to this defendant it is denied.**

8. The Defendant cannot plead to this allegation because it not a complete or coherent thought. To the extent it alleges that during all times mentioned in the complaint the Plaintiff was incarcerated at Garner Correctional Institution, a correctional institution housing male inmates and located at 50 Nannawauk Road, Newtown, Connecticut, it is denied.

9. Denied.

10. To the extent this paragraph refers to the Defendant it is denied.

11. To the extent this allegation refers to the Defendant it is denied that he "continues to refuse her medical care related to her gender identity." It is admitted that at one time the Defendant told Plaintiff that DOC policy limited what he could do, but it is denied that Plaintiff has been refused medical care for gender dysphoria.

12. To the extent this paragraph contains citations to United States District Court and Circuit Court of Appeals decisions, no responsive pleading is required. To the extent a responsive pleading is requires to such allegations, Defendant has insufficient information upon which to form a belief as to the truth thereof and therefore neither admits not denies same but leave the Plaintiff to his proof. As to the remainder of paragraph 12, it is admitted that Defendant referenced "DOC policy". The remainder of paragraph 12 is denied.

13. The defendant cannot meaningfully plead to the allegations of paragraph 13 as they do not constitute a coherent thought. To the extent this paragraph purports to allege the elements of a cause of action for intentional

infliction of emotional distress pursuant to Connecticut common law or for an "Eighth Amendment violation of cruel and unusual punishment," no responsive pleading is required. To the extent a responsive pleading is required, the Defendant has insufficient information upon which to form a belief as to the truth thereof and therefore neither admits not denies same but leave the Plaintiff to his proof.

14. To the extent this paragraph alleges elements of causes of action and decisions of courts no responsive pleading is required. To the extent it alleges "denial of equal treatment" with respect to medical needs, no responsive pleading is required as all such claims have been dismissed. To the extent its allegations regarding "medical personnel" are directed at the Defendant, it is denied.

15. To the extent this paragraph is directed at the defendant it is denied.

16. To the extent this paragraph is directed at the defendant it is denied.

17. To the extent this paragraph alleges legal elements of causes of action, remedies, and case law, no responsive pleading is required. To the extent it alleges libel and per se damages no responsive pleading is requires as no such cause of action is pending. To the extent it alleges that the Defendant's conduct constituted intentional infliction of emotional distress on the basis that claim was permitted to proceed by the Initial Review Order, it is denied.

18. To the extent this paragraph is directed at the Defendant and alleges actions within the scope of the causes of action permitted to proceed by the Initial Review Order, it is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times relevant to the complaint the Defendant acted in an objectively lawful manner, in good faith within the scope of his employment and without knowledge that he was in violation of a clearly established right of the Plaintiff, and he is entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to his failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for mental or emotional injury suffered while in custody are barred pursuant to 42 U.S.C. §1997e(e) because he has not suffered a prior physical injury as a result of any action by the Defendant.

**DEFENDANTS' JURY DEMAND**

Pursuant to Rule 38 (a) and Rule 38 (b) Fed. R. Civ. P., Defendants respectfully demand a trial by jury on any and all issues which are triable of right by a jury.

                DEFENDANT
                Dr. Gerald Valletta

                WILLIAM TONG
                ATTORNEY GENERAL

BY: /s/ *Thomas J. Davis, Jr.*
      Thomas J. Davis, Jr.
      Assistant Attorney General
      110 Sherman Street
      Hartford, CT 06105
      Federal Bar #ct17835
      E-Mail: thomas.davis@ct.gov
      Tel.: (860) 808-5450
      Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that on October 1, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also mailed to the following:

Nicholas Clark, Inmate #355139
Garner Correctional Institution
50 Nannawauk Road
P.O. Box 5500
Newtown, CT 06470

           /s/ *Thomas J. Davis, Jr.*
**Thomas J. Davis, Jr.**
**Assistant Attorney General**