UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS CLARK | : | CIVIL NO. 3:19CV00575 (VLB) |
| v. | : | |
| COOK, ET AL. | : | NOVEMBER 6, 2019 |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR MENTAL HEALTH EVALUATION**
**PURSUANT TO FED. R. CIV. P. 35**

I.   Introduction

This is an action for equitable relief brought pursuant to 42 U.S.C. § 1983 and alleging violations of the United States Constitution.  The plaintiff, Nicholas Clark, is a convicted, sentenced inmate, serving a sentence and confined at Garner Correctional Institution in Newtown, Connecticut. He alleges deliberate indifference to his serious health needs related to his diagnosis with gender dysphoria. He seeks extensive transitioning treatments from male to female including sex reassignment surgery, hormonal treatments, hair, breast, hip, buttocks, lip, and other surgical augmentations, facial reconstruction, Adam's apple reduction, and more. He also seeks access to the female commissary list and money damages.

The defendant, Dr. Valletta, is sued in his individual and official capacities. He now moves, pursuant to Rule 35 Fed. R. Civ. P., to compel a mental health examination and evaluation of the Plaintiff so that an adequate assessment of his underlying gender dysphoria may be secured which also addresses the extraordinary remedies Plaintiff seeks.

**II.     The time, place, manner, conditions, and scope of the examination, and the person or persons by whom it is to be made**

The proposed examination will be conducted by Stephen B. Levine, MD, Clinical Professor of Psychiatry Case Western Reserve University School of Medicine. Dr. Levine is a psychiatrist. His CV is attached as Exhibit 1. He would conduct an interview of the Plaintiff of approximately 4 hours at Garner Correctional Institution in Newtown, Connecticut. The exact date would be dependent on scheduling following the Court's order granting this motion and the administration of the psychological tests described below. The psychological tests include the Minnesota Multiphasic Personality Inventory (MMPI) (the most widely used and researched clinical assessment tool used by mental health professionals to help diagnose mental health disorders), and the Millon Clinical Multiaxial Inventory-III (MCMI-III) (a well-recognized instrument providing a measure of personality disorders and clinical syndromes for adults undergoing psychological or psychiatric assessment or treatment). It is proposed that those tests be completed in the month prior to Dr. Levine's personal interview of Plaintiff and be interpreted by a Garner Correctional Institution in-house psychologist, such as Dr. Lilith Pieri. They consist of true/false questionnaires that can be done in 2.5 and 1 hour periods, respectively, for literate and reasonable intelligent people and it is expected that Plaintiff falls within that category.

### III. Argument

"Rule 35 … requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' … " *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). Here, the Plaintiff's allegations and exhibits accompanying his complaint, and the answer filed by Dr. Valletta, demonstrate that various issues are "in controversy" and demonstrate the "good cause" basis to grant this motion.

Plaintiff alleges that prison officials, presumably including the Defendant, have "refused to offer any assistance to help her live in accordance with her gender identity." (ECF No. 1 ¶9). Defendant denies that allegation (ECF No. 22, Answer at ¶9). The complaint also alleges that as a result of denial of medical care Plaintiff has suffered enormous psychological and physical pain, including attempted autocastration, and that Defendant continues to refuse medical care related to Plaintiff's gender identity. (ECF No. 1 at ¶¶10-11). Defendant denies those allegations to the extent they refer to him (ECF No. 22 at ¶¶10-11). Plaintiff further alleges that "denial of medical treatment … is a clear deviation from the standard medical care, and the repeated request by the Plaintiff [for the extensive bodily alterations described above] not only substantiates the severity of the syndrome but also the emotional distress associated with its necessity." (ECF No. 1 at ¶15). To the extent the allegations o f¶15 are directed at the Defendant, it is denied. (ECF No. 22 at ¶15). Plaintiff alleges the experience of shock,

3

humiliation, embarrassment, neglect and mental anguish" as a result of Defendant's allegedly "extreme and outrageous" conduct (ECF No. 1 at ¶17). To the extent that allegation is directed at the Defendant it is denied. (ECF No, 22 at ¶17). Defendant has also alleged affirmative defenses including qualified immunity and absence of a prior physical injury as a result of any action by the Defendant, thus barring the claim pursuant to 42 U.S.C. §1997e(e). (ECF No. 22, First and Fourth affirmative defenses).

This Court has a good documentary record and basis, both from the complaint and its exhibits and the answer, to determine whether or not plaintiff's physical and mental health is "in controversy" – an obviously easy question for the Court in this case, and whether "good cause" exists, to grant the motion.

> This does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a mental or physical examination. Nor does it mean that an evidentiary hearing is required in all cases. This may be necessary in some cases, but in other cases the showing could be made by affidavits or other usual methods short of a hearing. It does mean, though, that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.

*Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). In *Gattegno v. Pricewaterhousecoopers, LLP*, 204 F.R.D. 228, 230 (D. Conn. 2001), Magistrate Judge Fitzsimmons granted a Rule 35 mental examination, noting that when a plaintiff has placed his mental condition or the mental health care in controversy, that also satisfies the "good cause" requirement of Rule 35, noting that physical and mental evaluations have been ordered in prisoner civil rights cases, citing in part to *Hodges v. Keane,* 145 F.R.D. 332, 334 (S.D.N.Y.1993) (where Judge

4

**Sotomayor, before being elevated to the Second Circuit, held that "[h]ad plaintiff elected to assert the existence of an ongoing mental illness resulting from defendants' acts or omissions, defendants would undoubtedly be entitled to an order under Rule 35(a) allowing them to conduct a psychiatric evaluation to determine the existence of such a condition") (citation omitted)." *Gattegno v. Pricewaterhousecoopers, LLP*, 204 F.R.D. 228, 230-31 (D. Conn. 2001).**

**       *See also Large v. Our Lady of Mercy Medical Center,* No. 94 Civ. 5986(JGK)(THK), 1998 WL 65995, \*6 (S.D.N.Y.1998) (good cause usually exists where party has placed mental condition in controversy); *Duncan v. Upjohn Co.,* 155 F.R.D. 23, 25 (D.Conn.1994) ("By claiming ongoing psychiatric harm cause by the negligence of the defendant, therefore, the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination..."). *Gattegno*, 204 F.R.D. at 230.**

**       In <u>Hodges</u>, Justice Sotomayor made clear that where, as here, the prisoner plaintiff is alleging on-going pain and suffering due to alleged denial of on-going treatment, the Court should "undoubtedly" grant the Rule 35 motion. The prisoner in *Hodges*, did "not claim that the treatment he received from defendants has resulted in ongoing pain and suffering requiring psychiatric treatment. Rather, [Hodges] asserts that he suffered pain and suffering at the time his rights were violated. This distinction is important. Had plaintiff elected to assert the existence of an ongoing mental illness resulting from defendants' acts or omissions, defendants would undoubtedly be entitled to an order under Rule 35(a) allowing them to conduct a psychiatric evaluation to determine the**

5

existence of such a condition. *See, e.g., Sibbach v. Wilson & Co.,* 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941)." *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993).

In addition to the foregoing, Plaintiff's prayer for injunctive relief warrants a mental examination because the precise nature, history, and current manifestation of the underlying diagnosis of gender dysphoria must be thoroughly understood by Defendant's expert in order to assess the merits, if any, of the relief sought.

### IV.  Conclusion

Defendants respectfully request that plaintiff be compelled to submit to the psychiatric evaluation by Dr. Levine and to complete the MMPI and the MCMI-III as described above.

        DEFENDANT
        Dr. Valletta

        WILLIAM TONG
        ATTORNEY GENERAL

BY: /s/ Thomas J. Davis, Jr.
     Thomas J. Davis, Jr.
     Assistant Attorney General
     110 Sherman Street
     Hartford, CT 06105
     Federal Bar #ct01211
     E-Mail: Thomas.Davis@ct.gov
     Tel.: (860) 808-5450
     Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that on November 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Further, I hereby certify that a copy of the foregoing was mailed to the following on this 6th day of November, 2019, to:

Nicholas Clark, Inmate #355139
Garner Correctional Institution
55 Nannawauk Road
Newtown, CT 06470

                                        /s/ *Thomas J. Davis, Jr.*
                                        Thomas J. Davis, Jr.
                                        Assistant Attorney General