UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CLARK,<br>　　Plaintiff,<br><br>　　v.<br><br>COOK, et al.,<br>　　Defendants. | :<br>:<br>:　　No. 3:19-cv-575 (VLB)<br>:<br>:<br>:　　January 24, 2020<br>:<br>:<br>:<br>: |

### RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Nicholas Clark, currently confined at Garner Correctional Institution in Newtown, Connecticut, seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. §1915(e)(1). [Dkt. 23] For the reasons set forth below, Plaintiff's motion is DENIED without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit requires the movant to satisfy "the threshold requirement that the [case] have 'some likelihood of merit.'" *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (citing *Cooper v. A. Sergenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989)). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper*, 877 F.2d at 173).

Plaintiff alleges that she suffers from gender dysphoria and that Dr. Valletta has denied her all treatment to transition to a female because she did not commence treatment before she was incarcerated. The Court assumed in the Initial Review Order that Plaintiff has a serious medical need and noted that she had sufficiently alleged that Dr. Valletta was involved with her treatment. [Dkt. 10 at 4-5] Without further development of the record, however, the Court cannot determine whether Plaintiff's claims have likelihood of merit.

Plaintiff states that several law firms have declined representation. She also states that Inmates' Legal Aid Program declined her request for representation. [Dkt. 23-1] The letter states that Inmates' Legal Aid Program could not represent Plaintiff and explained their role was research and advisement. The contract between Inmates' Legal Aid Program and the Department of Correction provides that "advisement" includes assistance in drafting motions and discovery requests and responding to motions filed by the defendants. *See* Department of Correction Administrative Directive 10.3(4) (program attorneys can assist in identifying, articulating and researching legal claims, provide legal advice, and prepare meaningful legal papers such as writs, complaints, motions, and memoranda of law), available at portal.ct.gov/DOC/AD/AD-Chapter-10. Although the letter invited further contact with questions, Plaintiff does not indicate that she requests any available forms of assistance. Absent evidence that the available assistance is insufficient at this stage of litigation, Plaintiff has not shown that she is unable to obtain legal assistance on her own.

**Plaintiff's motion for appointment of counsel [Dkt. 23] is DENIED without prejudice. Any renewed motion shall include information explaining why the assistance available from the Inmates' Legal Aid Program is insufficient at this stage of litigation.  In light of this order, Plaintiff's motion for status conference regarding this motion [Dkt. 25] is DENIED as moot.**

                **IT IS SO ORDERED.**

                _____/s/_____
                **Vanessa L. Bryant**
                **United States District Judge**

**Dated at Hartford, Connecticut: January 24, 2020**