UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| NICHOLAS CLARK | : | CIVIL NO. 3:19CV00575 (VLB) |
|---|---|---|
| v. | : | |
| COOK, ET AL. | : | JANUARY 24, 2020 |

## MOTION TO MODIFY SCHEDULING ORDER

The defendant, Dr. Gerald Valletta, moves *nuc pro tunc*, for modification of the scheduling order deadlines with respect to discovery and disposition motions.

The Defendant served two discovery requests on the Plaintiff on November 1, 2019, one being a Request for Interrogatories (Exhibit 1) and the other being a Request for Production (Exhibit 2). Plaintiff has not provided any compliance. Rather, Plaintiff served two documents on Defendant's counsel, one entitled "Response to Request for Interrogatories" (Exhibit 3) and the other entitled "Response to Request for Production" (Exhibit 4). Neither provided any compliance. Instead, Plaintiff claims that he lacks resources to adequately respond to the interrogatories and that he is unsure of how to respond to the production requests and that he needs the assistance of counsel. Plaintiff has not filed any objections to the discovery.

In addition, Plaintiff has filed a second motion for the appointment of counsel (ECF No. 23) and a Request from Status Conference (ECF No. 25). The

Court denied the motion to appoint counsel today, but a renewed motion is highly likely.

On November 6, 2019, Defendant moved for a mental health evaluation of Plaintiff pursuant to Fed. R. Civ. P. 35 (ECF No. 24). The mental health evaluation is essential to the defense of the claims made by Plaintiff, which will include expert opinion regarding gender dysphoria in general, Plaintiff's particular diagnosis and manifestation thereof, other conditions of Plaintiff, and the remedies Plaintiff seeks.  A detailed explanation of the need for the mental health evaluation is set forth in the memorandum in support of the motion for the mental health evaluation (ECF No. 24-2).   The Court has not ruled on that motion.

Undersigned has been diligent in the handling of this case, having filed an answer on October 1, 2019, and serving the initial disclosures required by the Standing Order (ECF No. 11) on September 13, 2019, which included 1,295 pages of production. It was not feasible to move for summary judgment absent discovery response form the Plaintiff nor the mental health evaluation Defendant has moved to secure. In addition, undersigned learned yesterday, January 23, 2020, that Plaintiff has filed another civil action in which he alleges that he was sexually assaulted while incarcerated in the summer of 2011. That action is captioned *Clark v. Hanley*, et. al, 3:18-cv-1765-JAM. The allegations in that action are likely to be relevant in expert professional assessment of some of Plaintiff's claims in this actin and warrant additional discovery.

The forgoing constitutes good cause for modification of the scheduling order. This motion is not made at least three days before the date for filing dispositive motions, which deadline was two days ago, January 22, 2020 (8 months from Review Order of May 22, 2019). The prior filings seeking a mental health examination of Plaintiff, the stonewalling of discovery by Plaintiff, as well as Plaintiff being *pro se* and seeking a status conference with the Court, led undersigned to anticipate raising all of the foregoing issues in a telephonic status conference at which time a request would have been presented to modify the discovery and dispositive motion deadlines. Undersigned believes the foregoing warrants adequate justification for the Court to grant the requested extension even though it is sought after the expiration of the deadlines in question.

On January 24, 2020 undersigned spoke with Plaintiff and advised that this motion would be filed. Plaintiff advised undersigned that he did not fell capable of taking a position on the motion, either consenting to it or objecting, without the assistance of counsel.

WHEREFORE, the Defendant moves for modification of the scheduling order that allows adequate time for the Court to rule of the mount for mental health examination and, presuming the motion is granted, scheduling and conducting that examination by Plaintiff's out-of-state expert and disclosure of the expert's report. In addition, additional time is sought to compel Plaintiff's compliance with outstanding discovery and take his deposition after he provides compliance, including production of properly executed authorizations to obtain

his past mental health and medical records, school records, employment records and similar matter that was sought in the discovery requests. A motion to compel compliance with outstanding discovery is being filed simultaneously herewith. Thereafter, additional time is sought to file a dispositive motion.

                                DEFENDANTS
                                Cook, Et Al.

                                WILLIAM TONG
                                ATTORNEY GENERAL

BY: */s/ Thomas J. Davis, Jr.*
       Thomas J. Davis, Jr.
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Federal Bar #ct17835
       E-Mail: thomas.davis@ct.gov
       Tel.: (860) 808-5450
       Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that on January 24, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also sent to the following:

Nicholas Clark, Inmate #355139
Garner Correctional Institution
50 Nannawauk Road
P.O. Box 5500
Newtown, CT 06470

/s/ *Thomas J. Davis, Jr.*
Thomas J. Davis, Jr.
Assistant Attorney General