UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NICHOLAS CLARK** | : | |
| Plaintiff, | : : : | CIVIL ACTION NO. 3:19-CV-00575 (VLB) |
| **V.** | : : | |
| **COOK, ET AL** | : : | |
| Defendants. | : | JUNE 16, 2020 |

### MOTION FOR RELIEF FROM PRO BONO APPOINTMENT

Pursuant to Local Civil Rule 83.10(g), James O. Gaston, Esq. of the Law Offices of James O. Gaston, LLC, respectfully requests the Court grant his Motion for Relief from Pro Bono Appointment in the instant Action.

The instant Action involves a highly complex case involving required skills and expertise in Law of Civil Rights State and Federal Law, Constitutional Law, 1983 law, incarceration Rules, Regulations and law, and transgender medicine and psychology/psychiatry.  The Plaintiff has been sentenced for 75 years for the bludgeoning death of his ex-wife's boyfriend and bludgeoning of his ex-wife in 2006 (according to the press).

Counsel requests Relief from the Pro Bono Appointment for several reasons.

I.  I am a sole practitioner and the time required to become educated,

experienced and skilled in the highly specialized areas of complex law, including Civil Rights Law – State and Federal, Constitutional Law (arguably Fourth, Eight and Fourteenth), 1983 law, incarceration Rules, Regulations, and law, transgender medicine and psychology/psychiatry will take thousands of hours and years.  That prohibitive amount of time is outside the sources of a single attorney with a solo practice.  Said appointment would result in the serious compromise of representation of current clients and present an unsupportable financial impact on my practice and family.  The Connecticut Rules of Professional Conduct Rule 6.2 make exception for accepting an appointment (2) "representing the client is likely to result in an unreasonable financial burden on the lawyer".

It is submitted that the more appropriate appointment should be an attorney who has experience in some of these esoteric areas of law, and who is employed with a larger firm where it is likely other lawyers in the firm have experience and expertise in the other areas of law.

II. My practice is limited primarily to motor vehicle collision personal injury cases.  I have no experience, training, knowledge or skills in the multiple complex areas of law referenced above.

III. The underlying crime by the Plaintiff who lived in Newtown, CT and was arrested by Newtown Police presents a potential conflict of

    interest and/or appearance of impropriety.  From 2001-2019, I held elective offices in Newtown that directly involved me with the Newtown Police.   CT RPC Rule 6.2(1) notes appointments should not be made or accepted where "Representing the client is likely to result in violation of the Rules of Professional Conduct…"

IV. It would be an understatement to state that the crime for which the Plaintiff is incarcerated shook the Newtown community.  I feel the incident and anyone who would do such a crime is repugnant to the extent I could represent the client and/or attorney-client relationship.  CT RPC Rule 6.2(3) states that an appointment should not be made and/or accepted if "the client or the cause is so repugnant to the lawyer as to be likely to impair the client-lawyer relationship or the lawyer's ability to represent the client".

V. I have no knowledge as to Federal Appeals practice or procedures and have never applied nor have been accepted to the 2nd Circuit Court of Appeals.   Consequently, I could provide no representation or even input as to the Appeals process.   Invariably, this case will go up on appeal no matter who is successful.

VI. The surviving claim in the action involves a claim for damages against Dr. Valletta, M.D. in the amount of $500,000.00.  I have a serious concern about the practicality of the claim as even if the claim

was successful the State of Connecticut will claim a lien for costs of incarceration. Some time ago it was reported that it cost the State of Connecticut more than $40,000.00 per year. Computing to date – 13 years x $40,000.00 equals more than $500,000.00. In short, even if successful the Plaintiff would receive no money and the State of Connecticut would simply make an accounting transfer from one account to another. Given this scenario, counsel is concerned about using scarce Court resources, assets and money, as well as that of myself and the Attorney General's office when there are no practical damages to be awarded. Query, does this constitute a frivolous action and/or Rule 11 sanctionable conduct. If so, counsel would submit it falls within the CT RPC Rule 6.2(3) definition of "repugnant", as well making it impossible for this counsel to represent the Plaintiff.

VII. Counsel will not be able to meet with the Plaintiff as he is incarcerated and counsel is a high risk COVID-19 individual (over 61 and with an asthmatic condition that is prescription medicated). Counsel is not willing to put at risk his life, family and practice.

VIII. Finally, it should not go unnoticed that counsel along with busy practice of law does give back to the legal profession and local community. Counsel currently has two Pro Bono cases in the Superior Court, is a member of the CT Bar Associations' House of

**Delegates and Board of Governors, State Trial Referee and for the past twenty-six years has been an elected official in the Town and/or Borough of Newtown.**

For all the reasons stated above, the counsel, James O. Gaston, Esq. respectfully requests the Court grant his Motion for Relief from Pro Bono Appointment.

**James O. Gaston**

**By_/s/__*James O. Gaston*_____**
**James O. Gaston (ct09296)**
**Law Offices of James O. Gaston, LLC**
**239 Golden Hill Street**
**Bridgeport, CT 06604**
**Telephone:   (203) 334-1656**
**Fax:     (203) 333-4532**
**lawofficesofjamesgaston@gmail.com**

## **CERTIFICATION**

  **I hereby certify that on June 16, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.   Parties may access this filing through the Court's CMECF system.**

                **By___/s/__*James O. Gaston*_____**
                  **James O. Gaston**