UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARK,<br>    Plaintiff<br><br>v.<br><br>COOK ET AL.<br>    Defendants. | :<br>:<br>:   No. 3:19-cv-0575 (VLB)<br>:<br>:<br>:   June 16, 2020<br>: |

**Order Granting [Dkt. 40] Attorney James O. Gaston's's Motion for Relief From Pro Bono Appointment**

On May 28, 2020, the Court directed the Clerk to appoint *pro bono* counsel in the above-captioned matter, a state prisoner's civil rights case. [Dkt. 33]. The next day, the Court appointed Attorney James O. Gaston to represent the Plaintiff *pro bono*, pursuant to D. Conn. L. R. Civ. P. 83.10. Attorney Gaston has moved for relief from the *pro bono* appointment pursuant to Rule 6.2 of the Conn. Rules of Professional Conduct. The Court grants Attorney Gaston's motion.

**Pro bono case assignment**

D. Conn. L. R. Civ. P. 83.10(a)(1) provides that the Clerk will establish a wheel to be used in assigning members of the District's Bar to provide *pro bono* representation to indigent persons in civil cases. Any member of the Bar who has appeared as counsel of record in at least one civil action in the Court since 2015 shall be included in the Assignment Wheel, except for five enumerated exceptions.

1

D. Conn. L. R. Civ. P. 83.10(a)(2).[1] Attorney Gaston does not argue that any of the enumerated exceptions apply to him.

An attorney may seek relief from a *pro bono* assignment under D. Conn. L. R. Civ. P. 83.10(g). However, "[m]otions for relief from appointment are disfavored, as the Court views the acceptance of pro bono assignments from time to time as a professional responsibility of the attorneys who are members of its Bar." *Ibid*. Motions for relief from a *pro bono* appointment must comply with Rule 6.2 of the Connecticut Rules of Professional Conduct and Local Rule 7(e). *Ibid*. Rule 6.2 of states, in relevant part:

> A lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause, such as: (1) Representing the client is likely to result in violation of the Rules of Professional Conduct or other law; (2) Representing the client is likely to result in an unreasonable financial burden on the lawyer; or (3) The client or the cause is so repugnant to the lawyer as to be likely to impair the client-lawyer relationship or the lawyer's ability to represent the client.

Conn. Rules of Prof'l Conduct R. 6.2. The commentary to the rule explains:

> Good cause exists if the lawyer could not handle the matter competently…. [A] lawyer may also seek to decline an appointment if acceptance would be unreasonably burdensome, for example, when it would impose a financial sacrifice so great as to be unjust.

---

[1] The exceptions are: (1) an attorney whose principal place of business is outside the District; (2) an attorney who is employed full-time as an attorney for an agency of the United States, a State, or a municipality; (3) an attorney who is employed full-time as an attorney by a not-for-profit legal aid organization; (4) an attorney who has notified the Clerk's Office in writing that he or she has retired from the practice of law; and (5) an attorney who has notified the Clerk's office in writing that he or she has been suspended or resigned from the bar. D. Conn. L. R. Civ. P. 83.10(a)(2).

Conn. Rules of Prof'l Conduct R. 6.2, cmt. However, Rule 83.10(g) limits these exceptions:

> Relief from appointment is unlikely to be granted on the grounds that the appointment would be burdensome or interfere with counsel's other professional obligations where the Court can fashion a case schedule that reasonably mitigates such difficulties. Relief from appointment is also unlikely to be granted on the ground that counsel lacks experience in the area of law involved in the case. In the Court's experience, even an attorney who is inexperienced or unfamiliar with the subject matter can provide valuable assistance to an unrepresented person.

D. Conn. R. Civ. P. 83.10(g).

Here, Attorney Gaston states that he is inexperienced and without expertise in § 1983 actions, in constitutional law, and in the particular medical condition and malpractice alleged by the Plaintiff. He is also a sole practitioner. In light of these facts, Attorney Gaston argues that the training and time that would be necessary for him to represent Plaintiff would be prohibitively taxing on his law practice and a financial hardship.

Just under half of all lawyers in Connecticut practice as solo practitioners or practice in small firms. *See Lawyer-entrepreneurs face growing pains*, HARTFORD BUSINESS JOURNAL, Apr. 2, 2017 (quoting statistic that roughly half of members in the voluntary Connecticut Bar Association are solo practitioners or practice at a small firm).[2] The fact that Attorney Gaston is a sole practitioner does not alone

---

[2] The Hartford Business Journal article also cites an American Bar Association statistic that 49% of its private practice membership nationally are solo practitioners. *Ibid.*

establish that this *pro bono* assignment would "impose a financial sacrifice so great as to be unjust."

Here, however, Attorney Gaston also states that he is inexperienced and without expertise in § 1983 actions, in constitutional law, and in the particular medical condition and malpractice alleged by the Plaintiff, and would need to invest significant time to become competent. The Commentary to the Connecticut Rules of Professional Conduct is plain on this point: "good cause [for declining an appointment] exists if the lawyer could not handle the matter competently." Conn. Rules of Prof'l Conduct R. 6.2, cmt. While the Local Rules state that "even an attorney who is inexperienced or unfamiliar with the subject matter can provide valuable assistance to an unrepresented person," D. Conn. R. Civ. P. 83.10(g), the use of the word "assistance" apparently contemplates a limited scope representation, as opposed to the full appointment at issue here. Therefore, the Court finds that Attorney Gaston has shown good cause for declining the appointment: either he could not handle the matter competently, or he will need to sacrifice an unjustly significant amount of his working time to become so.

## Conclusion

The Court GRANTS Attorney Gaston's motion for relief from this *pro bono* assignment pursuant to D. Conn. L. R. 83.10(g). To permit this case to move forward, the Court hereby VACATES its order appointing Attorney Gaston and directs the Clerk of Court to appoint new pro bono counsel to represent Plaintiff in this case.

IT IS SO ORDERED.

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated this day in Hartford, Connecticut: June 16, 2020**