**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

The Honorable S. Dave Vatti
915 Lafayette Boulevard
Room 429
Bridgeport, Connecticut 06604

**Settlement Conference Order**

This case is scheduled for a settlement conference with the Honorable S. Dave Vatti, United States Magistrate Judge. Local counsel should notify any *pro hac vice* counsel of the date and time of the conference.

The purpose of the settlement conference is to give parties the opportunity to consider settlement before additional litigation expenses and resources are expended. In their representation of clients and fulfillment of obligations to the Court, counsel is instructed to approach the conference in good faith and with the preparation necessary to reach a resolution of the matter. Counsel should arrive at the conference ready to discuss a reasonable resolution of the case consistent with its merits.

**The Court orders the parties to participate by remote means (by video or audio conference) for the duration of the conference.** If a party is a legal entity rather than an individual, a representative of the entity who is fully authorized to decide all matters pertaining to the case must be participating by remote means. The Court will not hold a settlement conference without all parties participating by remote means. In cases where a party requires authority from an insurer to settle the case, an insurance company representative with full authority to settle the case must be participating by remote means. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer. For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower. The purpose of this requirement is to have in attendance, by remote means, a person with both the authority and independence to settle the case during the settlement conference without consulting anyone not participating. The requirement that parties participate by remote means is intended to increase the efficiency and effectiveness of the settlement conference. Failure of a party to comply with these requirements may result in the imposition of sanctions.

Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own. Therefore, **fourteen (14) days prior to the date of the settlement conference**, or by another date set by the Court, the plaintiff's counsel shall serve a settlement demand upon counsel for the defendant. The demand shall be accompanied by the plaintiff's damages analysis and include a summary of outstanding liens. If the defendant disagrees with the plaintiff's calculation of damages, the defendant's counsel shall respond to the plaintiff's analysis **not later than seven (7) days, or by**

**another deadline set by the Court, before the conference.** The defendant must make a counteroffer prior to the settlement conference.

**Not later than seven (7) days prior to the date of the settlement conference, counsel for each party must submit to Judge Vatti an ex parte, confidential settlement memorandum**. This memorandum shall not exceed **<u>10 double-spaced pages</u>** in length. The settlement conference memorandum should set forth the legal elements of the claims and defenses asserted, the factual basis for these claims and defenses, what discovery is anticipated, the time required to complete discovery, any substantive motions contemplated, and the amount and nature of demands and/or offers made to date. <u>The names and contact telephone numbers of all counsel and parties participating in the conference must be included in the memorandum</u>.

**<u>Settlement conference memoranda are an opportunity for counsel to explain—to present to the Court—the salient elements of the litigation; counsel should not refer the Court to pleadings already filed in the case</u>**. Counsel shall list the names of all those who will be attending the conference, including their job titles. In the event that Counsel, in their discretion, feel certain exhibits are **necessary** to assist the Court in understanding the pertinent facts of the case, exhibits may be submitted along with the settlement memorandum. **<u>The Court notes that exhibits should be submitted only when necessary and are not a substitute for a well-composed memorandum</u>**.

**Settlement memorandum can be submitted by email to:**
**SDV_Settlement@ctd.uscourts.gov**

Any requests or questions relating to the settlement conference must be made to Chambers by email. Questions should be directed to the email address referenced above. Continuances will be granted only for good cause clearly shown. If a continuance is requested, counsel making the request must first consult with counsel for all other parties, and, in the event a continuance is granted, must notify all parties of the new date and time.

**The scheduling of a settlement conference does not affect existing deadlines and shall not delay discovery unless the Court has entered a separate order to that effect.**

If the case is resolved after the issuance of this Order, the parties shall contact Judge Vatti's Chambers by email at **SDV_Settlement@ctd.uscourts.gov** before the date of the conference to advise the Court of the existence of the settlement.