## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERONICA-MAY (neé NICHOLAS) CLARK, | |
| Plaintiff, | Case No. 3:19-cv-575-VLB |
| v. | |
| ANGEL QUIROS, DR. GERALD VALETTA, RICHARD BUSH, and BARBARA KIMBLE-GOODMAN, | April 6, 2022 |
| Defendants. | |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants Angel Quiros, Dr. Gerald Valetta, Richard Bush, and Barbara Kimble-Goodman file this memorandum in opposition to the plaintiff's March 15, 2022 motion to compel.  As shown below, the plaintiff's motion is meritless and should be denied.

### I.     INTRODUCTION

In this case, the incarcerated plaintiff brings an eighth amendment claim alleging that the defendants have been deliberately indifferent to her serious medical needs by virtue of their failure to provide gender confirming surgery and attendant medical procedures to treat plaintiff's gender dysphoria.  See generally, Amended Complaint, Doc. 84.  As part of their defense to this action, the defendants' counsel has retained and disclosed an expert witness, Stephen Levine, M.D., to serve the dual functions of providing expert testimony in the litigation as well as consulting services for defendants and their counsel

1

regarding the prospective management of the plaintiff.  See Professional Services Agreement appended hereto as Ex. 1.

In his dual role as an expert and a consultant, Dr. Levine reviewed materials provided to him by defendant's counsel, and with leave of court, conducted mental health examinations of the plaintiff.  See Doc. Nos. 24, 31.  In addition, Dr. Levine communicated with nonparty representatives of the Department of Correction to conduct psychological testing of the plaintiff, as described in the expert report disclosed to plaintiff's counsel on April 26, 2021.  See Exs. A and B to Plaintiff's Motion To Compel, Doc. 118.  Notably, the defendants disclosed their expert in accordance with a prior scheduling order, more than six months prior to plaintiff's own expert disclosure.

Additionally, at the time he prepared his expert report, Dr. Levine, at the request of defendants' counsel, prepared a list of treatment recommendations to assist counsel in advising his client agency regarding future management of the plaintiff's condition.  Dr. Levine described, in exceptionally broad terms, a portion of his recommendations regarding psychotherapy to counsel in a deposition taken by plaintiff's counsel on March 9, 2022, but did not provide any testimony regarding the specific, written recommendations he provided to defendants' counsel.  See Ex. C to Plaintiff's Motion to Compel at Tr. Pgs. 113-116.  Dr. Levine provided these recommendations with defendants' counsel in an addendum to his report that is filed herewith, unredacted and under seal, for the court's in camera review as Ex. 2.  Critically, plaintiff's counsel concluded their deposition of Dr. Levine without further mention of the recommendations, and only raised

the issue again in a discussion with counsel after they terminated the deposition. See Pltf's Motion to Compel at p. 4 (Doc. 118).  Plaintiff now seeks an order compelling production of the expert's confidential recommendations to defendants' counsel.

Plaintiff further seeks an order compelling emails exchanged between Dr. Levine and a Department of Correction psychologist, Tom Kocienda, regarding information Dr. Levine sought to formulate his treatment recommendations to counsel.  As conceded by the plaintiff, Dr. Kocienda is not a party, nor is there any claim that he has played any role in the management of the plaintiff's gender dysphoria diagnosis or treatment.  These two emails, sent in 2020 but appended to other emails that were produced to counsel, demonstrate Dr. Levine's consultative role in communicating with a supervising psychologist at DOC to gather information necessary to make the recommendations sought by defendants' counsel.  Critically, the information provided by doctors providing care to the plaintiff, was not redacted.  See Redacted and Unredacted Copies of Emails filed herewith under seal as Ex. 3.

II.    ARGUMENT

A.  The Recommendations Dr. Levine Provided to Defendants' Counsel Are Privileged And Should Not Be Disclosed

As shown below, the defendants' counsel, from the outset of their relationship with Dr. Levine, sought to maintain a distinction between his role as an expert witness disclosed to render opinions regarding the plaintiff's condition within the context of this litigation and his role as a consultant advising counsel and their client agency regarding management of this individual transgender

inmate.  As reflected in Ex. 1 hereto, the contract describing Dr. Levine's services clearly provides that he was retained:

> To serve as a confidential attorney-consultant, expert psychiatrist witness, in the case of Cook v. Clark, 3: 19-cv-575 to review any and all records and related materials which shall include all DOC health care records. To give advice and consultation to the defendants' attorneys within the confidential attorney work-product privilege, to advise regarding all aspects of the litigation, including, if required writing an expert report in compliance with Rule 26 Fed. R. Civ. P. The witness will make himself available to be deposed, and may be required to participate in court matters in the Hartford Federal District Court, either for settlement conferences or for trial.

See Id. at p. 1.  The description of his duties clearly anticipates work well beyond that of a retained expert witness who will write a report and testify on the contents thereof.  Indeed, when read as a whole, the description of Dr. Levine's services makes clear that he will also be called upon to give confidential, privileged "advice and consultation" to defendants' counsel.

Contrary to plaintiff's assertions, both the Federal Rules of Civil Procedure and applicable case law recognize and protect this dual status of retained experts.  First, plaintiff illogically argues that the Rules require full disclosure of Dr. Levine's report.  This ignores the plain language of the applicable rule.  Specifically, Fed. R. Civ. P. 26(a)(1)(B) provides:

> Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

The rule does not require a party to disclose every opinion held by the expert or expressed by the expert to the attorney representing the party who retained him. Rather, the Rule requires a party to disclose a written report prepared by the expert which includes a "complete statement of all opinions the witness will express and the basis" for same.  On its face, the plaintiff's argument is unavailing and contrary to the very rule upon which they base their argument.

Moreover, Rule 26 actually protects from disclosure communications that are not related to the opinions the witness will express in his anticipated trial testimony.  Indeed, Rule 26(b)(4)(C), which curiously is not referenced in plaintiff's motion, expressly protects communications such as those at issue here between a retained expert and the attorneys who retained him.  This section of the rule states that

> (C) Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), *regardless of the form of the communications*, except to the extent that the communications:
>
> (i)      relate to compensation for the expert's study or testimony;
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

(Emphasis added).  Here, there is no dispute that the recommendations made to counsel are well outside the three categories described above, and the fact that they were made in a separate report is meaningless, since the manner in which these communications were made is rendered a nullity under 26(b)(4)(C).  This Rule "protects, as work product, "communications between the party's attorney

and any witness required to provide a report under Rule 26(a)(2)(B)."  *Fung-Schwartz v. Cerner Corp., 2021 U.S. Dist. LEXIS 15872, *10-11, 2021 WL 863342* (SDNY 2021); *accord, Dongguk Univ. v. Yale Univ.,* 2011 U.S. Dist. LEXIS 157690 (D. Conn. 2011).   Here, there is no dispute that Dr. Levine is a retained expert required to submit an expert report under Rule 26, and therefore any communications between him and the attorneys who retained him, save for the inapplicable provisions set forth above, are privileged regardless of their form.

Plaintiff argues, without authority, that it would "eviscerate" the expert disclosure rules to allow parties to pick and choose which portions of reports they shared under the Rule 26 disclosure rules.  Their argument runs contrary to the facts and the applicable law in this case.  Here, as the plaintiff concedes, there are 2 reports, one disclosed to the plaintiff and one which includes a series of recommendations for use by defendants' counsel in their work representing their client agency.  Since this second report does not contain information relating to the expert's fees or any facts, data or assumptions provided by counsel upon which the expert relied in forming his opinions that will be the subject of his testimony at trial, the confidential report constitutes the work product of defendants' counsel.  Accordingly, plaintiff's motion should be denied.

B.   Dr. Levine Did Not Waive The Attorney Work Product Privilege

As their fallback position, plaintiff's counsel asserts that Dr. Levine's testimony at his deposition, cited in its entirety as answers to three questions in a deposition lasting approximately six hours, waives the attorney work product privilege.  Of course, plaintiff's argument assumes that Dr. Levine's limited

discussion of one aspect of his views on psychotherapy constitutes the sum and substance of what he recommended with respect to the management of the plaintiff as part of his role as a consultant.  As noted above, the defendants have filed, under seal, the unredacted report and recommendations.  Even a cursory review of Dr. Levine's recommendations demonstrates that he did not discuss them in any detail other than to disclose their existence, and most certainly not to any extent that would waive the work product privilege.

To support their claims of waiver, the plaintiff cites to authorities that run contrary to plaintiff's arguments.  First, in *In re von Bulow*, 828 F.2d 94 (2d Cir. 1987), the court affirmed a finding of a trial court that a client had waived his own attorney-client privilege by authorizing his attorney to make certain extrajudicial statements in a book written by the attorney.  Needless to say, such is not the situation here.  Just as important, the Court of Appeals limited that waiver to only the matters upon which that the plaintiff knowingly waived privilege.  See *Id*. at 101-02.  By contrast, in the instant matter an expert witness merely answered three questions regarding the scope of the draft of his report provided solely for use by the attorneys who retained him, without divulging any of the substance. Plaintiff's counsel failed to probe these answers further or inquire with additional substantive questions, and Dr. Levine did not offer any such information.  At best, Dr. Levine disclosed his thoughts regarding psychotherapy, and most certainly did not discuss any of the other topics addressed in his recommendations as set forth in Ex. 2.  As such, *von Bulow* fully supports the

privilege assertion by the defendants and provides ample authority for denying plaintiff's motion.

Plaintiff's remaining authority is similarly unavailing.  Plaintiff cites to *United States v. Int'l Bhd. Of Teamsters*, 961 F.Supp. 665 (SDNY 1997) for the general proposition that the attorney-client privilege "is waived if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication."  *Id.* at 673 (citation omitted).  Plaintiff fails to discuss the facts of the case, despite the admonishment of that very court that the question of waiver of the attorney-client privilege is a question of fact.  *Id.* The facts of that case reveal that the party asserting the privilege, a manager of a union campaign, attempted to shield disclosure of communications he had with counsel retained by the campaign after authorized representatives of the campaign agreed to waive any such privilege.  *Id.* at 668.  Under those facts, the court in *Teamsters* held that the campaign manager had no personal attorney-client privilege with the corporation's law firm, and that if any of his communications with the law firm were ever subject to a privilege, that privilege was waived by the corporate entity.

Here, nothing that Dr. Levine said at his deposition can be said to waive the attorney work product privilege that attaches to his communications with counsel outside of the scope of his expert report.  Dr. Levine did no more than describe a document he had recently reviewed, and discussed one aspect of that document in light of his general views regarding care for gender dysphoria.  Nothing that Dr. Levine said approaches the conduct at issue in *Teamsters*, and most certainly

**8**

nothing constitutes a waiver of the work product privilege of all of the items listed in the confidential report provided to defendants' counsel.

      **C.   The Emails Between Dr. Levine and Dr. Kocienda Are Privileged**

As part of his preparatory work for developing his recommendations in this case,  Dr. Levine communicated with several individuals to obtain information. One of those individuals, Thomas Kocienda, is a psychologist employed by the Department of Correction who, in 2020 when he communicated with Dr. Levine, had no direct role in providing care for the plaintiff.  As is evident from the emails between Dr. Levine and Dr. Kocienda, the communications were part of Dr. Levine's efforts to obtain information that would inform his recommendations to counsel.  To assist the court with its analysis, both redacted and unredacted copies of the pages identified in plaintiff's motion to compel are submitted, under seal, for in camera review.  It is respectfully submitted that, on their face, these emails relate to prospective treatment recommendations and therefore fall within the privilege as discussed above.

                        **DEFENDANTS:**
                        **Angel Quiros, Et Al.,**

                        **WILLIAM TONG**
                        **ATTORNEY GENERAL**


      **BY:**    **/s/ Terrence M. O'Neill**
                        **Terrence M. O'Neill**
                        **Assistant Attorney General**
                        **Federal Bar No. ct10835**
                        **110 Sherman Street**
                        **Hartford, CT  06105**
                        **Tel.: (860) 808-5450**
                        **Fax: (860) 808-5591**
                        **terrence.oneill@ct.gov**

## **CERTIFICATION**

**I hereby certify that on April 6, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.**

**/s/Terrence M. O'Neill_____**
**Terrence M. O'Neill**
**Assistant Attorney General**

10