UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERONICA-MAY CLARK,<br><br>                            Plaintiff,<br>    v.<br><br>ANGEL QUIROS, DR. GERALD VALLETTA, RICHARD BUSH, and BARBARA KIMBLE-GOODMAN,<br><br>                          Defendants. | Case No.: 3:19-cv-575 (VLB)<br><br>May 11, 2022 |

## Motion for Leave to File Corrected Local R. 56(a)1 Statement and Corrected Local R. 56(a)2 Statement

Plaintiff respectfully moves for leave to file (1) a Corrected Local Rule 56(a)1 Statement of Undisputed Material Facts, and (2) a Corrected Local R. 56(a)2 Statement of Facts in Opposition to Summary Judgment. In support of her request, Plaintiff states as follows:

1) Plaintiff has identified some ministerial citation and proofing errors in Plaintiff's Local Rule 56(a)1 Statement of Undisputed Material Facts, ECF No. 133-1. These errors appear in Fact Nos.: 1, 2, 4, 5, 8, 11, 12, 13, 26, 28, 31, 32, 44, 53, 61, 67, 68, and 72.

2) Many were inadvertently inserted in the course of transposing citations from internal citations to as-filed exhibits. For example, Plaintiff filed two separate exhibits for a single deposition transcript: the 30(b)(6) deposition of Dr. Burns (as Ex. 2), and the individual deposition of Dr. Burns (as Ex. 10). Citations to these were occasionally flipped; *i.e.*, Ex. 2

was cited when it should have been Ex. 10. In other cases, final pagination of combined exhibits led to inaccurate pinciting.

3) Defendants write at length about these errors in their Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 153-1, and their own R. 56(a)2 statement, ECF No. 153-2. They further accuse Plaintiff of trying to mislead the Court. Nonetheless, for the most part, Defendants were able to locate the appropriate evidence and at times admitted the fact regardless.

4) Plaintiff regrets these errors and has no desire to mislead this Court. Much to the contrary, Plaintiff wishes to be as transparent as possible, avoid distractions, and ensure that the record is clear, particularly given the copious amount of evidence filed in this case.

5) Accordingly, as soon as she was made aware of the issue, Plaintiff went through her Local Rule 56(a)1 Statement, ECF No. 133-1, and corrected the citation and proofing errors she identified. A redline of the corrected document is attached to this Motion as Exhibit A.

6) In an abundance of caution, Plaintiff has done the same for her Local R. 56(a)2 Statement of Facts in Opposition to Summary Judgment, ECF No. 154-7. A redline of that corrected document is attached to this Motion as Exhibit B, with corrections at Nos. 15, 112, 113, 122, 123, 127, 136, 144, and 165.

7) Therefore, Plaintiff respectfully requests leave to submit a Corrected Local Rule 56(a)1 Statement of Undisputed Material Facts, as well as

Corrected Local R. 56(a)2 Statement of Facts in Opposition to Summary Judgment.

By: /s/ Elana Bildner
    Elana Bildner (ct30379)
    Dan Barrett (ct29816)
    ACLU Foundation of Connecticut
    765 Asylum Avenue
    Hartford, CT 06105
    Tel: (860) 471-8475
    E-mail: ebildner@acluct.org

By: /s/ Daniel S. Noble
    Daniel S. Noble (ct31089)
    Evan I. Cohen (ct29799)
    Matthew B. Danzer (ct30740)
    Kelsey A. Powderly (ct30855)
    FINN DIXON & HERLING LLP
    Six Landmark Square
    Stamford, CT 06901-2704
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: dnoble@fdh.com

***Attorneys for Plaintiff Veronica-May Clark***