DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERONICA-MAY (neé NICHOLAS) CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>ANGEL QUIROS, DR. GERALD VALETTA, RICHARD BUSH, and BARBARA KIMBLE-GOODMAN,<br><br>    Defendants. | Case No. 3:19-cv-575-VLB<br><br><br><br><br>APRIL 6, 2023 |

### DEFENDANTS' AMENDED MOTION FOR LEAVE TO SUPPLEMENT TO THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, Dr. Gerald Valletta, Richard Bush, APRN Kimble-Goodman, and Commissioner Quiros, hereby respectfully seek leave to supplement their motion for summary judgment with the attached brief (attachment 1) and attached amended declaration of Counselor Supervisor Osden (exhibit O).

In response to the Court's order on March 30, 2023, Defendants provide the following: as noted in their initial motion for leave to supplement, the declaration of Counselor Supervisor Osden contains critical information, discovered within the last several weeks, which further demonstrates Defendants' entitlement to judgment as a matter of law. Specifically, in an effort to determine whether it is feasible for the Plaintiff to obtain the vaginoplasty she desires, well after the Defendants filed summary judgment in this matter on April 14, 2022, the DOC Interstate Corrections Compact ("ICC") unit queried all 30 of the states with which the CT DOC has contracts to determine if any had the ability to perform gender

1

affirming surgery. See attached Ex. O, Declaration of Jaclyn Osden, ¶ 8. Only 3 of the 30 states with which the CT DOC contracts have ever arranged for bottom surgeries for any of their inmates. Id. ¶ 9. On March 1, 2023, March 2, 2023, and March 9, 2023, the Department of Correction ("DOC") was informed that none of those 3 states was willing to review Plaintiff for transfer to their state. Id., ¶ 11. These inquiries could not be made until a different inmate, who also needed to be transferred to one of these 3 states, was prioritized for a transfer for safety and security reasons. Id., ¶ 10.

Defendants submit that this information is highly relevant, important to the Court's determination on the merits of Plaintiff's claim for injunctive relief, and that for these reasons the Court should consider this information in determining their entitlement to judgment. Courts within this Circuit have permitted supplementation of the record or briefing on summary judgment where new relevant evidence or intervening changes to applicable caselaw have occurred since the filing of briefing. See, e.g., *Plastic Suppliers, Inc. v. Cenveo, Inc.*, No. 3:10-cv-512, 2011 U.S. Dist. LEXIS 109467, at *24 (N.D.N.Y. Sep. 26, 2011) (allowing supplementation of the record for on summary judgment due to Defendants obtaining "new evidence," though the court determined the evidence was ultimately irrelevant); *Davidson v. Scully*, 148 F. Supp. 2d 249, 251 (S.D.N.Y. 2001) (permitting inmate to supplement record with only relevant evidence of events that occurred after filing of summary judgment because the evidence could not have been submitted at summary judgment where the events "had not yet occurred"); *Coene v. 3M Co.*, 303 F.R.D. 32, 50 (W.D.N.Y. 2014) (declining to extend deadline for summary judgment, but

offering parties to "supplement their pending summary judgment" due to additional discovery and evidence that arose after summary judgment filing).

Courts within this circuit have occasionally applied the "excusable neglect" standard applicable to a motion for extension of time when considering motions to supplement the record on summary judgment with new evidence. See *Perry v. Cty. of Westchester,* No. 06-CV-3000 (KMK), 2008 U.S. Dist. LEXIS 140699, at *18 (S.D.N.Y. Mar. 31, 2008) (applying excusable neglect standard and denying motion to supplement record where plaintiff and plaintiff's counsel had been aware of evidence, evidence had been available during discovery and opposing party was prejudiced by late disclosure, and plaintiff's counsel had been acting in bad faith); *Scully,* 148 F. Supp. 2d at 252 (applying excusable neglect standard and granting motion to supplement where evidence concerned events that happened after filing of summary judgment). Under Fed.R.Civ.P. 6(b)(2), the Court has discretion to allow plaintiff to submit new evidence if the Court determines that plaintiff's failure to submit such evidence in a timely fashion "was the result of excusable neglect." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984). This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Relevant circumstances include "the danger of prejudice" to the non-moving party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

**Here, Defendants do not seek to extend the deadline for dispositive motions under Fed.R.Civ. P. 6(b)(2), but rather to supplement the record before the Court on summary judgment with new evidence like the Plaintiff in *Scully*. Nevertheless, even applying the "excusable neglect" standard, these equitable factors militate in favor of the Court accepting Defendants' evidence. Just like in *Scully*, Defendants could not have submitted the declaration of Jaclyn Osden and her emails with 3 states that have performed bottom surgeries on their inmates at the time of filing their summary judgment on April 14, 2022, because that evidence consists of events that had not happened yet, and had not happened until less than a month ago. See Ex. O. Further, Defendants were still attempting to locate a Connecticut based surgeon at the time of the filing of their summary judgment (see Ex. F, ECF # 154-7), and before inquiries could be made on behalf of Plaintiff to other states, another inmate had to be prioritized for transfer to one of these 3 states, for safety and security reasons. Ex. O, ¶ 10. Moreover, less than three weeks after the information in the Osden declaration became available, Defendants disclosed Osden's emails to Plaintiff's counsel and sought to supplement their motion for summary judgment accordingly. See ECF # 190 (filed on March 27, 2023). Thus, Defendants have provided this information to Plaintiff and the Court with all diligent speed and are acting in good faith in submitting this information.**

**Further, even if this new evidence were to cause "a brief delay in the proceedings" for the Court to consider it, the evidence is highly relevant. *Scully*, 148 F. Supp. 2d at 252. Critically, Plaintiff seeks a permanent injunction. "[D]eliberate indifference is determined based on prison officials' <u>current</u> attitudes**

and conduct." *Valentine v. Collier*, 993 F.3d 270, 277 (5th Cir. 2021) (vacating District Court permanent injunction regarding deliberate indifference to COVID-19 in geriatric correctional facility, in part because "Defendants' response, including actions taken on the *eve of and during trial*" did not demonstrate deliberate indifference) (emphasis added). "[T]o establish eligibility for an injunction, the inmate must demonstrate the continuance of [deliberate indifference] during the remainder of the litigation and into the future." *Id.* at 282 (emphasis added). "This is a high bar because it requires a showing [of] something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012) (quotation marks omitted).

Indeed, in a case similarly seeking permanent injunctive relief for deliberate indifference, the Seventh Circuit in *Rasho v. Jeffries* held that the District Court committed clear error in finding deliberate indifference, because it had failed to consider the actions taken by the IDOC after briefing on the matter, but before the decision on the permanent injunction, which constituted "[e]vidence that the defendant responded reasonably" to the deficient mental health care. *Rasho v. Jeffreys,* Nos. 19-1145, 19-1375, 19-1978, 2022 U.S. App. LEXIS 967, at *12-13. (7th Cir. Jan. 12, 2022). The Court noted that the IDOC had presented evidence of *recent actions* just prior to the issuance of the injunction which showed "a commitment to addressing the problem" and "reasonable efforts to cure deficiencies," and that such evidence was sufficient to defeat a claim of deliberate indifference even where IDOC's actions seemed to "lack a sense of urgency… fell short" and "were ultimately unsuccessful." Id. at *12-15. Thus, here, information regarding the

availability of the relief Plaintiff seeks, and the continuation of efforts of DOC to obtain such care for Plaintiff are highly relevant and necessary for the Court to consider.[1]

Anticipating the need for up-to-date information in consideration of the injunctive relief Plaintiff pursues, Defendants merely seek to update the Court as to the current state of affairs with regard to DOC's actions and efforts on Plaintiff's behalf with respect to the core aspect of prospective medical care Plaintiff's counsel seeks by way of this action. Accordingly, because the information contained in Defendants' supplemental declaration and brief is critical to the Court's determination of Plaintiff's request for injunctive relief, consideration of this evidence will not cause undue delay, and Defendants have submitted this evidence to the Court with due diligence, Defendants respectfully request the Court grant their motion for leave to file.

DEFENDANTS:
Angel Quiros, Et Al.,

WILLIAM TONG
ATTORNEY GENERAL

---

[1] **Indeed, even if this updated information were not submitted now, such information would undoubtedly be presented at an evidentiary hearing on the issue of an injunction. See** *Jacobson & Co. v. Armstrong Cork Co.,* **548 F.2d 438, 441 (2nd Cir. 1977) (injunction may not be granted in absence of evidentiary hearing);** *See* **ECF #128-1, Pg. 50 (preserving request for evidentiary hearing on injunction). And should the Plaintiff's motion for summary judgment be granted or Defendants' denied, such new evidence would be the basis for a motion for reconsideration. See** *Kolel Beth Yechiel Mechil of Tartikov v. YLL Irrevocable Tr.*, **729 F.3d 99, 104 (2d Cir. 2013) (on a motion for reconsideration, movant must identify "matters . . . that might reasonably be expected to alter the conclusion reached by the court," such as "an intervening change of controlling law,** *the availability of new evidence*, **or the need to correct a clear error or prevent manifest injustice")(emphasis added).**

|  |  |
|---|---|
|  | BY:   /s/ Terrence M. O'Neill<br>Terrence M. O'Neill<br>Assistant Attorney General<br>Federal Bar No. ct10835<br>110 Sherman Street<br>Hartford, CT  06105<br>Tel.: (860) 808-5450<br>Fax: (860) 808-5591<br>terrence.oneill@ct.gov |
| BY: /s/ James M. Belforti<br>James M. Belforti<br>Assistant Attorney General<br>110 Sherman Street<br>Hartford, CT 06105<br>Federal Bar #ct30449<br>E-Mail:  james.belforti@ct.gov<br>Tel.:  (860) 808-5450<br>Fax:  (860) 808-5591 | BY: /s/ Janelle R. Medeiros<br>Janelle R. Medeiros<br>Assistant Attorney General<br>110 Sherman Street<br>Hartford, CT 06105<br>Federal Bar #ct30514<br>E-Mail:  janelle.medeiros@ct.gov<br>Tel.:  (860) 808-5450<br>Fax:  (860) 808-5591 |

## **CERTIFICATION**

I hereby certify that on April 6, 2023, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Janelle R. Medeiros*
Janelle R. Medeiros
Assistant Attorney General

7