UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERONICA-MAY CLARK, *Plaintiff*, v. ANGEL QUIROS, DR. GERALD VALLETTA, RICHARD BUSH, and BARBARA KIMBLE-GOODMAN, *Defendants*. | No. 3:19-cv-575-VAB<br><br>May 24, 2024 |

**JOINT STATUS REPORT RE: ECF 227**

Plaintiff Veronica-May Clark and Defendant Angel Quiros file this joint status report in response to the Court's May 16, 2024 Order. *See* ECF 227. Plaintiff and Defendant have not reached agreement regarding the parameters of a potential hearing on Ms. Clark's request for a permanent injunction, and so set forth their respective positions below.

**I.      Plaintiff's Position**[1]

As Ms. Clark argued in her prior submission, *see* ECF 224, due to the substantial passage of time since she filed this lawsuit in 2019—let alone since she first requested treatment for gender dysphoria from the Connecticut Department of Correction ("DOC") and its personnel— and the fact that the Court has already found that the Defendants violated Ms. Clark's Eighth Amendment rights as a result of the Provider Defendants' deliberate indifference to her serious medical need, any evidentiary hearing should be held as soon as feasible and should be limited to

---

[1] Ms. Clark provides her position on the contours of a potential hearing on a permanent injunction without prejudice to her claim that no such hearing is necessary, as set forth in her prior submissions. *See* ECF 222 and ECF 224.

1

an examination of the elements relevant to awarding a permanent injunction and the appropriate scope of such an injunction.

Any hearing ordered by the Court should *not* retread factual matters already decided at summary judgment, *see* Mem. of Decision (ECF 194), or irrelevant to the granting of a permanent injunction or the proper scope of such injunction.

*First*, any hearing does not need to include evidence regarding whether Ms. Clark suffers from gender dysphoria. That fact is undisputed. DOC personnel diagnosed Ms. Clark with gender dysphoria as of May 2016. *See* ECF 194, at 5. The same is true for whether gender dysphoria is a serious medical need—again, undisputed—as well as generalizations about gender dysphoria and its treatment that may or may not have any relevance to Ms. Clark.

*Second*, any hearing does not need to include evidence about whether Defendant Quiros, in his official capacity as Commissioner of the DOC, violated Ms. Clark's Eighth Amendment rights through deliberate indifference to Ms. Clark's serious medical need. The Court decided that question on summary judgment and found unambiguously that all defendants violated Ms. Clark's constitutional rights. *See* ECF 194, at 66-67 ("The Defendants' injunctive relief portion of their brief focuses largely on their argument that Ms. Clark has failed to establish a constitutional violation in the first instance. . . . Ms. Clark has established a deliberate indifference to medical needs claim. Thus, the Defendants' substantially similar arguments on the injunctive relief claim fail."); *see also* Amended Complaint, ECF 84 at 11 (stating claim for violation of Ms. Clark's Eighth Amendment right to medically necessary treatment "Against All Defendants"); Pl.'s Mot. for Summary Judgment at 41, ECF 133 ("*Defendants* have been deliberately indifferent to Ms. Clark's gender dysphoria from April 11, 2016, *to today*, and Ms. Clark's motion for summary judgment on her Eighth Amendment claim should be granted."

(emphasis added)); Mem. of Decision at 2-3, ECF 194 ("Ms. Clark seeks summary judgment on her claim of deliberate indifference. . . . Ms. Clark's motion is GRANTED.").

*Third*, any hearing does not need to include evidence on whether Ms. Clark is currently eligible for particular surgical treatments for her gender dysphoria (as has already been determined[2]), or the present feasibility of obtaining such treatments for Ms. Clark. As the Court noted in its summary judgment decision, "government officials do not have the power to infringe upon a constitutional right because it is difficult or inconvenient." ECF 194, at 69. Accordingly, the permanent injunction should require Defendant to provide Ms. Clark with appropriate treatment by qualified providers on an ongoing basis and order DOC to provide the particular medical procedures recommended by qualified providers, including but not limited to the already-recommended vaginoplasty and breast augmentation. As set forth in Ms. Clark's prior briefing to the Court, Ms. Clark seeks appropriate and consistent medical and mental healthcare based on the advice of qualified medical professionals. *See* Pl.'s Mem. at 11-13, ECF 222. That is what Defendant has denied her—and continues to deny her to this day.

Ms. Clark respectfully proposes that the Court hold a one-day evidentiary hearing[3] within the parameters described above between June 17-28, 2024 to hear argument and live witness

---

[2] As the Court held: "All of the admissible expert opinions based on Ms. Clark's medical needs find that gender affirming surgery is not just efficacious, but it is necessary for treating Ms. Clark." ECF 194 at 67. At his deposition, Defendants' expert could only state that Ms. Clark "may or may not be" an appropriate candidate for this surgery. *Id.* at 36. He retracted that opinion in a declaration submitted on summary judgment—but the Court struck it as a "sham" affidavit. *Id.* at 37. Further expert testimony on this point is duplicative and unwarranted.

[3] For context, in other cases involving gender-affirming care for incarcerated people, any hearings typically lasted one to three days. *See, e.g.*, *Zayre-Brown v. N. Carolina Dep't of Pub. Safety*, No. 3:22-CV-191-MOC-DCK, 2024 WL 1641795, at *2 (W.D.N.C. Apr. 16, 2024) (one-day hearing, followed by injunction); *Iglesias v. Fed. Bureau of Prisons*, No. 19-cv-415, 2022 WL 1136629, at *10 (S.D. Ill. Apr. 18, 2022) (one-day hearing before injunction directing

testimony. The parties should exchange relevant materials—including proposed exhibits, and witness lists and topics of testimony—no later than May 31, 2024.

## II.     Defendant's Position

Defendant maintains that this Court must hold a trial on the merits on Plaintiff's injunctive claim against Commissioner Quiros in order to determine if he is currently being deliberately indifferent to Plaintiff's medical condition. Defendant reincorporates all of his prior briefing on this matter, including ECF #221 and 223, but in short, this Court must have a trial on the merits for several reasons. First, Judge Bryant never granted summary judgment on Plaintiff's injunctive claim as best evidenced by the fact that she found material facts "very much in dispute" when addressing *Defendant's* motion for summary judgment on the injunctive claim. Judge Bryant made no mention of Plaintiff's motion because it appears Plaintiff did not even move on that ground. In any case, it is axiomatic that a court cannot grant summary judgment when there are material facts in dispute, meaning a trial must follow here. *See Hecker v. Montgomery*, 567 F. Supp. 2d 471, 475 (S.D.N.Y. 2008) ("It is axiomatic that the role of the court on such a motion is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried…") (quotation omitted); *Swanson v. Manhattan Beer Distribs.,*

---

Bureau of Prisons to provide vaginoplasty to incarcerated person by the end of the year); *Edmo v. Idaho Dep't of Correction*, 358 F. Supp. 3d 1103, 1122 (D. Idaho 2018), *order clarified*, No. 1:17-CV-00151-BLW, 2019 WL 2319527 (D. Idaho May 31, 2019), and *aff'd in part, vacated in part, remanded sub nom. Edmo v. Corizon, Inc.*, 935 F.3d 757 (9th Cir. 2019) (treating three-day preliminary injunction hearing as trial, following which Idaho was ordered to provide vaginoplasty and Ninth Circuit affirmed); *Norsworthy v. Beard*, 87 F. Supp. 3d 1164, 1195 (N.D. Cal. 2015) (one-day hearing before similar order). Of course, the preliminary injunction hearings took place *without* the benefit of a summary judgment record, unlike here. And some permanent injunctions have been ordered without any hearing at all. *See, e.g.*, *Hicklin v. Precynthe*, No. 4:16-cv-01357, 2018 WL 806764, at *2 (E.D. Mo. Feb. 9, 2018) (single day of oral argument but not evidentiary hearing before court ordered Missouri "to provide Ms. Hicklin with care that her doctors deem to be medically necessary treatment for her gender dysphoria").

*LLC*, No. 1:15-cv-05383 (ENV) (TAM), 2023 U.S. Dist. LEXIS 215108, at *5 (E.D.N.Y. Nov. 22, 2023) ("black letter law governing the disposition of summary judgment motions directs the motion court to grant summary judgment *only* when there is not a single issue of material fact in genuine dispute.") (emphasis added); *Lee's Hawaiian Islanders, Inc. v. Safety First Prods., Inc.*, 195 N.J. Super. 493, 501, 480 A.2d 927, 931 (Super. Ct. App. Div. 1984) ("It is axiomatic that a motion for summary judgment cannot be granted where there is a genuine dispute as to material fact.").

Second, even if Judge Bryant had granted judgment in favor of Plaintiff against Commissioner Quiros, there must still be an ongoing violation of federal law in order for Plaintiff to overcome Eleventh Amendment immunity. *See Bellard v. Univ. of Tex. MD Anderson Cancer Ctr.*, No. 3:22-cv-88, 2024 U.S. Dist. LEXIS 45343, at *15-16 (S.D. Tex. Feb. 9, 2024) ("To receive their requested injunctive relief, the plaintiffs must also show an ongoing or impending violation of federal law."). A finding of deliberate indifference based on a record that has been stale now for years is insufficient to support an injunction against *any* party. *See Webb v. Mo. Pac. R.R.*, 98 F.3d 1067, 1069 (8th Cir. 1996) ("Even assuming the district court's findings of widespread discrimination are correct, Missouri Pacific's past transgressions will not support an injunction that was not issued until five years after the close of all the evidence."); *City of N.Y. v. Beretta U.S.A. Corp.*, No. 00-CV-3641 (JBW) (CLP), 2005 U.S. Dist. LEXIS 10313, at *2 (E.D.N.Y. May 26, 2005) ("An injunction, primarily, should be based on current and prospective situations, rather than on past superannuated information."). The fact that Plaintiff seeks an injunction against a state officer in his official capacity makes this problem jurisdictional in addition to procedural. *See FMC v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002) (Eleventh Amendment state "[s]overeign immunity does not merely constitute a defense

to monetary liability or even to all types of liability. Rather, it provides an immunity from suit."); *We the Patriots USA, Inc. v. Lamont*, No. 3:23-cv-00737 (KAD), 2024 U.S. Dist. LEXIS 51190, at *10 (D. Conn. Mar. 22, 2024) (dismissing action against Governor Lamont for lack of subject matter jurisdiction because he was entitled to Eleventh Amendment immunity).  Simply put, this Court has no ability to issue an injunction absent a finding of a current, ongoing constitutional violation.  A past violation simply does not cut it, so a trial must follow.

Third, even if Judge Bryant had granted summary judgment against Commissioner Quiros, and even if this Court could grant an injunction against a state official on a stale record, this Court still must abide by the command of the PLRA, which itself requires an ongoing violation and that any injunctive relief to remedy such violation be narrowly tailored to remedy such violation.  *Dimartino v. Sage*, No. 3:21-CV-00498 (KAD), 2022 U.S. Dist. LEXIS 6639, at *14-15 (D. Conn. Jan. 13, 2022) ("prospective relief under the PLRA must be 'narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right.'") (quoting 18 U.S.C. §3626(a)(1)(A)); *Hallett v. Morgan*, 296 F.3d 732, 743 (9th Cir. 2002). If there is no violation to enjoin, the Court is left powerless to do anything.  Even if there was a violation, the Court must understand and make findings about the nature of the violation in order to determine how to narrowly tailor the relief so as to only address and remedy the violation.  Here, this Court is left with nothing other than a decision on an old record that does not describe the nature of the violation by Commissioner Quiros, because no such decision was made.  But even if Judge Bryant had made such a decision, the facts on the ground have obviously changed in the last several years and the parties vigorously dispute whether Plaintiff's Eighth Amendment rights are currently being violated. Such a dispute demands a trial to not only resolve the dispute, but in

this case, determine what if anything needs to be done to remedy the supposed wrong in a way that does not offend the statue. A trial is the only way to satisfy the PLRA.

Commissioner Quiros respectfully submits that approximately 5 days of evidence will be necessary to try this matter to this Court.  Defendant anticipates calling multiple witnesses, including medical providers and DOC custody officials, as well as at least one expert witness.  Defendant also anticipates submitting relatively voluminous documentary evidence, including but not limited to, Plaintiff's medical record.  Plaintiff necessarily bears the burden to show both that there exists an ongoing violation of the Eighth Amendment and the necessity and nature of any injunction.  The undersigned are unaware of what witnesses and evidence Plaintiff will submit to meet this burden.  However, the undersigned believe this trial will conservatively take multiple days and that a week of trial time should be set aside and scheduled.  As for when this trial can be held, due to previously scheduled trials for several Defense counsel, as well as the military commitments of another, the undersigned will be available to try this case after August 1, 2024, assuming this Court is available to do so at that time.

Respectfully submitted,

By: /s/ Daniel S. Noble
    Daniel S. Noble (ct31089)
    Krieger Lewin LLP
    350 Fifth Avenue, 77th Floor
    New York, New York 10118
    Tel: (212) 390-9555
    E-mail: Daniel.Noble@kriegerlewin.com

By: /s/ Matthew B. Danzer
    Matthew B. Danzer (ct30740)
    Kelsey A. Powderly (ct30855)
    FINN DIXON & HERLING LLP
    Six Landmark Square
    Stamford, CT 06901-2704
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: mdanzer@fdh.com

By: /s/ Elana Bildner
    Elana Bildner (ct30379)
    Sapana Anand (ct31422)
    Dan Barrett (ct29816)
    ACLU Foundation of Connecticut
    765 Asylum Avenue, 2nd Floor
    Hartford, CT 06105
    Tel: (860) 471-8475
    E-mail: ebildner@acluct.org

*Attorneys for Plaintiff Veronica-May Clark*

By: /s/ James Belforti
    James M. Belforti (ct30449)
    Janelle Medeiros (ct30514)
    Terrence M. O'Neill (ct10835)
    Office of the Attorney General
    110 Sherman Street
    Hartford, CT 06002
    (860) 808-5450
    E-mail: james.belforti@ct.gov

*Attorneys for Defendant Angel Quiros*