UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERONICA-MAY CLARK,<br>                    *Plaintiff*,<br>         v.<br>ANGEL QUIROS, DR. GERALD VALETTA,<br>RICHARD BUSH, and BARBARA KIMBLE-<br>GOODMAN,<br>                    *Defendants*. | Case No. 3:19-cv-575-VAB<br><br>June 26, 2024 |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CERTAIN WITNESSES FROM TESTIFYING, AND OTHERWISE LIMIT TESTIMONY TO THE ISSUE OF INJUNCTIVE RELIEF

Plaintiff Veronica-May Clark respectfully submits this motion *in limine* to preclude testimony from William Mulligan, Dr. Robert Richeson, and Warden Trina Sexton, and to preclude any testimony from an additional six DOC employees outside the bounds of the issue before the Court: the nature and scope of injunctive relief.

### I.     Introduction

On June 21, 2024, Defendant filed a pretrial memorandum listing the names of 12 potential witnesses he intends to call during the three-day hearing set by this Court. *See* ECF 240. Defendant did not include any information about the topic(s) of those witnesses' testimony in the filing. This information is required by the District's Standing Order Regarding Trial Memoranda in Civil Cases (Local Rules, p. 109). Ms. Clark's counsel subsequently requested that information from Defendant's counsel via e-mail; Defendant did not respond to the request.

1

In the five years of litigation on this case, Defendant has never disclosed any of these 12 people as an individual with knowledge or relevant information regarding medical or mental health treatment for Ms. Clark's gender dysphoria. *See* Fed. R. Civ. P. 26(a) (requiring such information be given at the time of initial disclosures, or when a party learns that their disclosures are incomplete). This is true even though some of these witnesses have worked for DOC for years, or decades. Instead, Defendant waited to disclose all 12 potential witnesses until June 21, 2024, two weeks before the hearing.

Although Ms. Clark can only speculate about these witnesses' likely testimony given the lack of information in Defendant's filing, the witnesses may be categorized as follows:

(a) DOC administrators (*6*): Arielle Reich, Jaclyn Osden, Commissioner Angel Quiros, Dr. Robert Richeson, Deputy Commissioner William Mulligan, Warden Trina Sexton.

(b) Current DOC healthcare providers Ms. Clark has met at least once (*3*): Dr. Richard Williams; Dr. Kelly Wolf; Dr. Heather Gaw.

(c) Outside providers (*2*): Kathryn Tierney; Dr. Joshua Sterling.

(d) Expert witness (*1*): Dr. Stephen Levine.

Some of these witnesses appear duplicative; for others, it is not clear what relevant information they may have to offer under Rule 401.[1]

---

[1] Jaclyn Osden is one example. Before their filing on June 21, Defendant produced 341 pages of e-mails (many from 2022 and 2023) showing that Ms. Osden, an administrator, was involved in trying to transfer Ms. Clark to other states. But the relevance of Ms. Osden's testimony is questionable given that the remaining witnesses appear likely to testify about providing treatment for Ms. Clark *in Connecticut*. For the sake of efficiency, and depending on the content of Ms. Osden's proposed testimony, Ms. Clark may be willing to stipulate to certain evidence related to Ms. Osden.

Ms. Clark does not object to the testimony of the two outside providers (she also listed Kathryn Tierney as a witness), and addresses Defendant's expert witness in a separate motion. For the remaining nine DOC employees, however, Defendant's introduction of them at this late hour, after five years of litigation have passed, is deeply prejudicial to Ms. Clark.

Accordingly, three witnesses who have been employed by DOC in their role or similar since the start of this litigation—William Mulligan, Robert Richeson and Trina Sexton—should be precluded from providing witness testimony at the hearing. The remaining six DOC employees should be precluded from offering testimony at the hearing unless it is narrowly focused on the issue before the Court: the nature and scope of injunctive relief.

## II.  Argument

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Ruling on motions *in limine* is encompassed in a district court's "inherent authority to manage the course of its trials." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y 2008).

### A. Mulligan, Richeson, and Sexton Are Barred From Testifying Under Federal Rules of Civil Procedure

Rule 26(a) mandates that parties in a civil matter make initial disclosures that include the name of each individual likely to have discoverable information that the disclosing parties may use to support its claims. Fed. R. Civ. P. 26(a). Furthermore, parties must supplement their disclosures when they learn the initial disclosures were insufficient or incomplete. Fed. R. Civ. P. 26(e)(1)(A).

3

Pursuant to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Under this rule, a "district court has wide discretion to impose sanctions, including severe sanctions" such as precluding witness testimony. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006); *see also Lopez v. City of New York*, 2012 WL 2250713, at *1 (E.D.N.Y. June 15, 2012) ("The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial pursuant to Rule 37(c)(1)."); *Lee v. N. Metro. Found. for Healthcare, Inc.*, 2022 WL 17366627, at *4 (2d Cir. Dec. 2, 2022) (affirming preclusion of witness testimony under Rule 37).

In deciding whether to exercise its discretion to preclude witness testimony, courts in this Circuit consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). Each factor here supports preclusion.

First, Defendant has no excuse for this late disclosure. Ms. Clark began litigating this matter in April 2019. ECF 1. Discovery ended three years later, in March 2022. ECF 111. Summary judgment was issued in September 2023. ECF 194. Despite countless opportunities to do so, at no point did Defendant disclose longtime DOC employees Dr. Robert Richeson, William Mulligan, or Trina Sexton as someone with relevant information. Now, five years after Ms. Clark initiated suit, two years after discovery closed, nearly one year after she was granted summary judgment, and less than one month before a hearing, Defendants seek to introduce

them for the first time. This is precisely the kind of "sandbagging" that Rule 37(c)(1) prohibits. *Haas v. Delaware and Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. June 24, 2008). Accordingly, because Defendant's "failure to disclose the witnesses . . . before the filing of [the present witness list] is neither substantially justified nor harmless," such testimony should be precluded. *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 188 (D. Conn. 2022).

Similarly, the second factor also weighs in favor of precluding these witnesses. As a threshold matter, Defendant has failed to provide any information regarding the substance of the witnesses' testimony, requiring Ms. Clark to speculate. Regardless, the testimony of William Mulligan, Dr. Richeson, and Trina Sexton should be excluded. Their "testimony is of diminished relevance" because they have not been part of Ms. Clark's care in the last five years. *Lee*, 2022 WL 17366627, at *4 (witness precluded because they were not employed by defendant during damages period).

Even more, there is no indication that any of these witnesses knows anything about Ms. Clark's medical care. None has never met with her. (This is true of the remaining administrators as well.) And, assuming that they "acquired knowledge" solely by reviewing documents, they cannot possibly have any "firsthand knowledge" about Ms. Clark, diminishing the importance of their testimony. *Watkins v. City of Waterbury Bd. of Educ.*, 2022 WL 3347218, at *6 (D. Conn. Aug. 12, 2022). This weighs in favor of preclusion.

Lastly, while Defendant may argue that William Mulligan, Dr. Richeson, and Trina Sexton, are important, that does not excuse waiting years and years to disclose. Indeed, "it is difficult to understand how Defendants' counsel, exercising a minimum of due diligence, could have overlooked the inclusion of the now-important [witness] on Defendants' witness list until counsel was screening documents while preparing the amended pre-trial order." *Thieriot v.*

*Jaspan Schlesinger Hoffman, LLP*, 2010 WL 4038765, at *5 (E.D.N.Y. Sept. 30, 2010); *see also Watkins*, 2022 WL 3347218, at *5 ("Given that Defendant now argues that these are important witnesses . . . it is difficult to understand why Defendant failed to disclose them."). The failure to disclosure witnesses who have been in their roles, or similar ones, since the start of this litigation simply cannot be "substantially justified." Fed. R. Civ. P. 37(c)(1).

Third, it is not "harmless." *Id.* Defendant's failure to disclose William Mulligan, Dr. Richeson, and Trina Sexton undoubtedly prejudices Ms. Clark. On the virtual eve of trial, Defendant has left no room for Ms. Clark to "test the reliability of [their] evidence or depose the witness." *Bryant*, 585 F. Supp. 3d at 188. Defendant's last-minute disclosure has left Ms. Clark without recourse: she "has not had an opportunity to seek discovery from [these witnesses], let alone to follow up on any additional avenues for discovery that might be granted from [his/her/their] depositions." *Bovell v. City of Mount Vernon*, 2023 WL 3559544, at *12 (S.D.N.Y 2023). Defendants' disclosure "is plainly prejudicial" to Ms. Clark. *EMA Fin., LLC v. Joey New York, Inc.*, 2021 WL 2822565, at *2 (S.D.N.Y. June 9, 2021); *see also Garbinski v. Nationwide Mut. Ins. Co.*, 2012 WL 3027853, at *4 (D. Conn. July 24, 2012) (writing that the prejudice is "manifest" where documents were disclosed after discovery period had long been closed). Accordingly, the third factor supports Ms. Clark.[2]

Fourth, a continuance is not warranted or available here. Discovery concluded two years ago, and summary judgment was decided almost one year ago. The hearing is mere weeks away; at this stage, it is almost impossible to conceive of reopening discovery for both the parties and

---

[2] Federal Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of" unfair prejudice, among other things. Fed. R. Evid. 403. The introduction of six DOC administrators Ms. Clark has never met, and whose role in this case has never been disclosed, prejudices Ms. Clark across the board; she has no idea what to expect of them at the hearing.

Court alike. *Lee*, 2022 WL 17366627, at *4 (excluding testimony where "a continuance would greatly delay the trial"); *Bovell*, 2023 WL 3559544, at *12 ("[T]he Court will not force [p]laintiff to take away from trial preparation time to complete depositions of witnesses who should have been identified properly years ago, and certainly will not further delay this trial."). As a result, this Court should grant Plaintiff's request and preclude William Mulligan, Dr. Robert Richeson, and Trina Sexton from testifying.

### B. The Remaining Witnesses Should Be Precluded From Testifying About Anything Unrelated to Injunctive Relief

The above factors similarly counsel that Defendant's remaining six witnesses—Arielle Reich, Angel Quiros, Dr. Heather Gaw, Dr. Richard Williams, Dr. Kelly Wolf, and Jaclyn Osden, should she testify—be precluded from, if not testifying outright, at least offering testimony at the hearing unless it is directly related to the issue before the Court: injunctive relief. While some of these people are more recent hires by DOC, or at least have come into contact with Ms. Clark within the past few years, there is still no explanation for the failure to comply with the disclosure requirement. Meanwhile, there is substantial prejudice to Ms. Clark in having to prepare to meet the new testimony of these six witnesses absent any prior disclosure or deposition opportunity—on top of the fact that Defendant's "sparse motion papers do not provide any detail about the substance of the witnesses' proposed testimony." *Leong v. 127 Glen Head Inc.*, 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016). Considering the above factors "in the aggregate," *Lee*, 2022 WL 17366627, at *4, this Court should find that Ms. Clark meets her burden. These witnesses should not be allowed to provide far-ranging testimony about Ms. Clark, or to re-litigate liability on her Eighth Amendment claim, but should only testify— narrowly—about the proper scope of injunctive relief.

7

By: /s/ Daniel S. Noble
Daniel S. Noble (ct31089)
Krieger Lewin LLP
350 Fifth Avenue
New York, New York 10118
Tel: (212) 390-9555
E-mail: Daniel.Noble@kriegerlewin.com

By: /s/ Matthew B. Danzer
Matthew B. Danzer (ct30740)
Evan I. Cohen (ct29799)
Kelsey A. Powderly (ct30855)
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: mdanzer@fdh.com

By: /s/ Elana Bildner
Elana Bildner (ct30379)
Dan Barrett (ct29816)
Sapana Anand (ct31422)
Serra Tickey*
ACLU Foundation of Connecticut
765 Asylum Avenue, 2nd Floor
Hartford, CT 06105
Tel: (860) 471-8475
E-mail: ebildner@acluct.org

*Attorneys for Plaintiff Veronica-May Clark*
