UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERONICA-MAY CLARK,

        *Plaintiff*,

    v.

ANGEL QUIROS, DR. GERALD VALETTA, RICHARD BUSH, and BARBARA KIMBLE-GOODMAN,

        *Defendants*.

Case No. 3:19-cv-575-VAB

July 1, 2024

**Opposition to Motion in Limine to Exclude Certain Plaintiff's Exhibits**

Defendant moved *in limine* to exclude Plaintiff's Exhibits 1-5, 8-14, 20-21, 25, 30-31. The Exhibits in question are:

- Exhibit 1: Judge Bryant's summary judgment ruling in this case
- Exhibit 2: Deposition transcript of Ms. Clark
- Exhibits 3-5: Deposition transcripts (Bush, Valletta, Kimble-Goodman)
- Exhibits 8-11: Expert reports
- Exhibits 12 and 13: E-mails regarding 2016 incident
- Exhibit 14: Letter from Ted Olds et al. to Dr. Berger
- Exhibit 20-21: DOC Contract with Health Management Associates; Assessment
- Exhibit 25: Declaration of Ms. Clark
- Exhibit 30: Ms. Clark's Grievances

1

- Exhibit 31: Ms. Clark's Journal Excerpts

Plaintiff requests that the Court wait until the hearing to rule on the admissibility of such exhibits, as Plaintiff may not ultimately seek to introduce all the exhibits objected to. "Courts considering a motion *in limine* may reserve judgment until trial, so the Court can place the motion in its proper context." *See Nat'l Union Fire Ins., Co. Of Pittsburgh, Pa. V. L.E. Myers Co. Grp.*, 937 F. Supp. 76, 287 (S.D.N.Y. 1996). It is also possible that for certain proposed exhibits, Plaintiff will simply ask the Court to take judicial notice of them. That said, a ruling on objections at this junction is not necessary.

### A. Plaintiff's Exhibits 1, 3-5, 12-14, 20-21 are relevant.

Defendant claims that Exhibits 1, 3-5, 12-14, 20-21 are not relevant to the question of Defendants' medical indifference towards Plaintiff because they provide insight into Defendants' history of violating Plaintiff's Eighth Amendment rights. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendant's motion demonstrates the disagreement between the parties as to the purpose of this injunction hearing. Ms. Clark maintains that the purpose of this injunction hearing is to determine the nature and scope of an injunction. Defendant, meanwhile, continues to argue that the "issue before this Court [is] whether the Defendant is currently being deliberately indifferent to Plaintiff's mental health condition." These differing positions as to the purpose of this hearing animate many of Defendant's objections, as described below.

Plaintiff maintains that whatever steps Defendant may have taken at this late hour to suggest it is providing Plaintiff with healthcare, without an injunction, there is an ongoing violation warranting an injunction—or, at the very least, a cognizable risk of recurrence. While

Defendant glosses over the history of Ms. Clark's longstanding attempt to get gender-affirming care in DOC custody, the exhibits in question put the litigation-driven character of recent developments in proper context, and are thus relevant to the necessity of an injunction.

### B. Plaintiff's Exhibits 1-5, 8-14, 20-21, 25, 30-31 are not substantially outweighed by the danger of unfair prejudice, confusing the issues, or wasting time.

Defendant argues that even when evidence is found to be relevant, it may be precluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Yet in bench trials, "there is no 'concern for juror confusion or potential prejudice,' as the court is the trier of fact." *Sikorsky Int'l Operations, Inc. v. Babcock Mission Critical Servs. Ltd.*, 2022 WL 20810193, at 4* (D. Conn. Apr. 20, 2022) (citing *Tiffany (NJ) Inc v. eBay, Inc.*, 576 F. Supp. 2d 457, 457 n.1 (S.D.N.Y. 2007)).

Defendant cites only one case in support of his argument against the probative value of Plaintiff's Exhibits, *Thomas v. Metro*. In that case, the judge excluded a law firm's independent investigation report. *Thomas v. Metro. Dist. Comm'n*, No. 3:02CV457, 2004 WL 2549728, at *3 (D. Conn. Nov. 5, 2004). But unlike the case in *Thomas*, the exhibits here do not discuss "totally unrelated" issues, as Defendant suggests. Ms. Clark's medical care from DOC is neither "totally unrelated" nor "stale." Instead, it is the heart of Ms. Clark's claim and goes to the heart of the matter: that absent legal intervention, Defendant demonstrated a complete lack of regard for Plaintiff's medical needs and will do so again.

## C. Various hearsay exemptions apply, depending on context at the hearing.

Various hearsay exemptions apply to the exhibits in question. For others, they may not be offered for the truth of the matter asserted. Again, the Court should wait until the hearing to rule on admissibility, as not all of these exhibits will be introduced into evidence.

Some of the exhibits are being offered for effect on the listener rather than the truth of the matter asserted. This is true of Exhibits 12 and 13 (e-mails regarding 2016 incident); as well as Exhibit 14 (Letter from Ted Olds et al. to Dr. Berger). Some, such as Ms. Clark's grievances (Exhibit 30) are admissible as statements made for medical diagnosis or treatment. Fed. R. Evid. 803(4). And others may be admissible as business records. Fed. R. Evid. 803(6). *See also Parks v. Blanchette*, 144 F. Supp. 3d 282, 292 (D. Conn. 2015). This is true of DOC's contract with Health Management Associations and the resulting assessment. Finally, Ms. Clark's prior statements may be offered—depending on context—as statements of then-existing physical, emotional, or mental condition.  Fed. R. Evid. 803(3).

As for expert reports, district courts are sharply divided about their admissibility. Some have pointed out that "[h]aving available an expert's comprehensive written report may help a [factfinder] to more fully understand and evaluate that expert's testimony and conclusions and their impact on the case."  *Cooper Crouse-Hinds, LLC v. City of Syracuse, New York*, No. 516-CV-1201, 2022 WL 976903, at *5–6 (N.D.N.Y. Mar. 31, 2022) (*citing N.A.A.C.P. v. A.A. Arms, Inc.*), 2003 WL 2003750, at *1 (E.D.N.Y. Apr. 4, 2003). This is certainly true here, particularly as Dr. Levine changed his expert report over time, and Ms. Clark has not been given any indication of his proposed testimony here.

Plaintiff may use Dr. Brown's report to refresh recollection pursuant to Rule 612. And depending on Dr. Levine's testimony, other exceptions may apply to his reports.

Finally, Plaintiff included Exhibit 1 for the sake of efficiency, in order to spare the Court from having to pull up the docket during trial. A court may "take judicial notice of its own orders." *Ryan v. Cholakis*, No. 13-Civ.-1451, 2014 WL 803776, at *4 n.3 (N.D.N.Y. Feb. 25, 2014).

>By: /s/ Daniel S. Noble
>Daniel S. Noble (ct31089)
>Krieger Lewin LLP
>350 Fifth Avenue
>New York, New York 10118
>Tel: (212) 390-9555
>E-mail: Daniel.Noble@kriegerlewin.com
>
>By: /s/ Matthew B. Danzer
>Matthew B. Danzer (ct30740)
>Evan I. Cohen (ct29799)
>Kelsey A. Powderly (ct30855)
>FINN DIXON & HERLING LLP
>Six Landmark Square
>Stamford, CT 06901-2704
>Tel: (203) 325-5000
>Fax: (203) 325-5001
>E-mail: mdanzer@fdh.com
>
>By: /s/ Elana Bildner
>Elana Bildner (ct30379)
>Dan Barrett (ct29816)
>Sapana Anand (ct31422)
>ACLU Foundation of Connecticut
>765 Asylum Avenue, 2nd Floor
>Hartford, CT 06105
>Tel: (860) 471-8475
>E-mail: ebildner@acluct.org
>
>*Attorneys for Plaintiff Veronica-May Clark*