UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERONICA-MAY CLARK | : | CIVIL NO. 3:19-CV-575-(VAB) |
| | : | |
| V. | : | |
| | : | |
| QUIROS, ET AL. | : | JULY 1, 2024 |

## DEFENDANT'S RESPONSE TO PRECLUDE CERTAIN WITNESSES AND LIMIT OTHERS

Plaintiff moves *in limine* to preclude the testimony of Dr. Richeson, the Chief Operating Officer of DOC Medical, Deputy Commissioner Mulligan, and Warden Trina Sexton. Plaintiff further moves that "Arielle Reich, Angel Quiros, Dr. Heather Gaw, Dr. Richard Williams, Dr. Kelly Wolf, and Jaclyn Osden, should she testify—be precluded from, if not testifying outright, at least offering testimony at the hearing unless it is directly related to the issue before the Court: injunctive relief."

As to Dr. Gaw, Dr. Williams, Dr. Wolf, and the Commissioner, Plaintiff' argument of late disclosure is bizarre. Dr. Williams is Plaintiff's primary care provider as evidenced by Plaintiff's voluminous medical records. Plaintiff knows who Dr. Williams is and what he can and will testify about: Plaintiff's current medical treatment. Likewise, both Dr. Wolf and Dr. Gaw are mental health providers with DOC who have had multiple direct interactions with Plaintiff, as recently as a few days ago. Indeed, as described in Defendant's pretrial memo, Dr. Gaw has met with Plaintiff in order to evaluate Plaintiff for surgery, as required by Dr. Sterling. Arielle Reich, again as explained in the pretrial memo, is a DOC medical planning specialist who has been organizing and arranging for Plaintiff's care, including scheduling appointments with outside providers like Dr. Sterling and locating hair removal specialists. Commissioner Quiros is

the Defendant in this case. Any suggestion that Plaintiff is being "sandbagged" by the testimony of these witnesses is not compelling.

As to what they can testify about, Defendant has to be able to establish that he, through his designees, are not currently violating the Eighth Amendment. Preventing these witnesses for testifying based on an odd reading of the initial disclosure rule, would be this Court blinding itself in its quest for the truth and needlessly so, as Defendant has been providing regular updates of Plaintiff's medical care including via providing Plaintiff's medical records on a rolling basis.

As to Plaintiff's complaints about Deputy Commissioner Mulligan and Warden Sexton, Defendant is unaware as to how Plaintiff will present the case. To the extent Plaintiff's housing at a male or female facility becomes an issue, something that had no previously arisen in the context of this case, Defendant must be able to respond to the this. To the extent it does not, these witnesses may not have to testify. Still, Defendant must be able to respond to Plaintiff's claims in this case, as it is ultimately her burden to demonstrate an ongoing violation of federal law.

Finally, as for Dr. Richeson, he is the Chief Operating Officer of DOC medical and can and will testify as to the efforts DOC has taken as an agency in order to get Plaintiff outside specialist care, including by engaging with other states such as Massachusetts, and eventually locating Dr. Sterling. The extraordinary efforts DOC has taken to address Plaintiff's mental health condition have been dynamic, especially in recent weeks. Plaintiff cannot deny those efforts or hide them by trying to manipulate discovery rules. Defendant as the Commissioner, can designate officials to act on behalf of the agency. Plaintiff cannot possibly be prejudiced by Dr. Richeson testifying as to the efforts of the agency and Plaintiff cannot prevent this Court from learning the truth of those efforts. Plaintiff's motion should be denied.

DEFENDANT:

        Angel Quiros

        WILLIAM TONG
        ATTORNEY GENERAL

BY:

        _____
        James M. Belforti
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Tel:  (860) 808-5450
        Fax:  (860) 808-5591
        Federal Bar No. ct30449
        E-Mail:  james.belforti@ct.gov

## CERTIFICATION

I hereby certify that on Jul 1, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        _____
        James M. Belforti
        Assistant Attorney General

3