UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERONICA-MAY CLARK | : | CIVIL NO. 3:19-CV-575-(VAB) |
| | : | |
| V. | : | |
| | : | |
| QUIROS, ET AL. | : | JULY 1, 2024 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF DR. STEPHEN LEVINE, MD**

Plaintiff moves *in limine* to preclude the testimony of Defendant's expert, Dr. Stephen Levine, MD pursuant to Federal Rules of Evidence 702 and 403. Plaintiff complains that Dr. Levine's testimony is irrelevant to "the issue currently before the Court: the question of injunctive relief" and that his "opinions about the efficacy of gender-affirming treatment are considerably outside the mainstream and unreliable." (Doc. #244 at 3, 4.) Plaintiff's argument suffers from three primary flaws.

First, Plaintiff appears to repeat the incorrect assertion that the upcoming bench trial is only about what injunctive relief should be issued. Plaintiff is incorrect. As Defendant has repeatedly pointed out, if there is no ongoing and current violation, the Eleventh Amendment bars any relief, including injunctive relief. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) ("[T]o successfully avoid the Eleventh Amendment bar, a plaintiff must prove that a defendant's violation of federal law is of an ongoing nature as opposed to a case in which federal law has been violated at one time or another over a period of time in the past."). Whether or not gender affirming surgery is even efficacious to relieve gender dysphoria is certainly relevant to whether Defendant is currently being deliberately indifferent to Plaintiff's mental health condition because the DOC has been, to date, incapable of providing bottom surgery.

Second, Plaintiff's argument that Dr. Levine's opinions and testimony are "unreliable" is based on a number of cherry-picked cases where a few district court judges simply disagreed with Dr. Levine's testimony. In addition to not being binding on this Court, Plaintiff ignores that two Circuit courts not only found Dr. Levine's testimony to be reliable, but also concluded that the "necessity and efficacy [of gender reassignment surgery] is hotly disputed within the medical community." *Gibson v. Collier*, 920 F.3d 212, 226 (5th Cir. 2019); *see also Kosilek v. Spencer*, 774 F.3d 63, 78 (1st Cir. 2014) (en banc) ("Dr. Levine further emphasized that 'large gaps' exist in the medical community's knowledge regarding the long-term effects of SRS and other GID treatments in relation to its positive or negative correlation to suicidal ideation."); Gibson, 920 F.3d at 223 ("We see no reason to depart from the First Circuit. To the contrary, we agree with the First Circuit that the WPATH Standards of Care do not reflect medical consensus, and that in fact there is no medical consensus at this time. WPATH itself acknowledges that 'this field of medicine is evolving.' Standards of Care 41. The record in *Kosilek* documents more than enough dissension within the medical community to conclude that it is not deliberately indifferent for Texas prison officials to decline to authorize sex reassignment surgery."). Plaintiff's argument ultimately boils down to "you shouldn't believe Dr. Levine because he does not fully adhere to WPATH's view." But even putting aside that this argument has been rejected by the First and Fifth Circuit, and that other courts around the country have recognized there is still room for debate over this issue[1], this is ultimately an argument as to weight, not admissibility.

Finally, Plaintiff intends to call her own expert witness, who evaluated Plaintiff and issued his report years ago. Plaintiff has provided no update as to Dr. Brown's report or his

---

[1] *See Moore v. Palmer*, No. 22-CV-539 JLS (LR), 2023 U.S. Dist. LEXIS 47589, at *9 (S.D. Cal. Mar. 20, 2023) ("On the record presently before this Court, it appears that the medical propriety of the WPATH SOC as a treatment regime is a matter subject to reasonable dispute…")

conclusions in this case. This means either Plaintiff intends to offer testimony about Dr. Brown's conclusions based on facts that are stale or Plaintiff is engaged in the very "sandbagging" it accused Defendant of engaging in. Either way, Defendant must be permitted to respond to the testimony of Dr. Brown with expert testimony of his own. Defendant therefore submits that Dr. Levine's testimony must be permitted if and when it becomes necessary to respond to Plaintiff's case. At the very least, this Court should reserve ruling until such a ruling becomes necessary. It would be premature at this stage to preclude Dr. Levine from testifying.

This Court should therefore deny Plaintiff's Motion.

DEFENDANT:
Angel Quiros

WILLIAM TONG
ATTORNEY GENERAL

BY:

_____
James M. Belforti
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
Federal Bar No. ct30449
E-Mail: james.belforti@ct.gov

CERTIFICATION

I hereby certify that on Jul 1, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                         _____
                                                                          James M. Belforti
                                                                          Assistant Attorney General